1832.

In the matter
of Stevenson.

## In the matter of STEVENSON.

The authority of the court of chancery to accept the resignation of a trustee, and to discharge him from his trust and appoint a new trustee in his place, relates only to cases where the trustee has become vested with the trust estate, or has made himself answerable as trustee by accepting the trust, or by doing some act in his character of trustee.

By the common law, if a devise was to two upon trust, and one refused to accept the trust, it was a good devise to the trustee who did accept.

August 27.       M. TROTTER, by his will, devised and bequeathed his estate, both real and personal, to his executors named in his will, of whom the petitioner was one ; to hold the same upon certain trusts in the will mentioned. The petitioner stated that he had renounced the execution of the will, which had been proved by the other executor only ; and that he had wholly refused to accept the trust, and had never interfered with the real or personal estate of the testator, either as executor or trustee. He therefore prayed that he might be discharged from his trust under the will, by an order of this court.

*J. L'Amoureux,* for the petitioner.

THE CHANCELLOR. In this case I think the order of the court discharging the petitioner as trustee is wholly unnecessary. By the common law, if a devise was made to two persons upon trust, and one of them refused to accept the trust, it was a good devise to the trustee who did accept. (*Nicholson* v. *Wardsworth,* 2 *Swanst. Rep.* 370. *Adams* v. *Taunton,* 5 *Mad. Rep.* 438. *Bonefant* v. *Greenfields,* 1 *Leon. Rep.* 60.) The estate in this case was devised to the petitioner and Wendell, as executors ; and the former having renounced the execution of the will, and not being named in the letters testamentary granted to his co-executor, was superseded thereby. The whole estate in trust is therefore vested in Wendell, the executor who has proved the will. (2 *R. S.* 70, § 8, 15.) The special authority which has been given to this court by the revised statutes to accept the resignation of a trustee, and to discharge him from his trust, relates only to those cases

where the trustee has become vested with the estate, or has made himself answerable as trustee by accepting the trust, or by doing some act in his character of trustee. In such cases this court may appoint a new trustee in the place of the one whose resignation has been accepted. But here the devise to the executors in trust constituted a joint tenancy; and by the refusal of the petitioner to execute the will, the whole interest vests in his co-executor, in trust, without any act of this court.

Petition dismissed.