Learned, P. J.
The plaintiff proved that he had earned $177.04, and had been paid only $127.04. He claimed the balance, $50. The defendants •endeavor to resist this claim by showing some payments made for plaintiff under these circumstances. The plaintiff was driver of a car which was •claimed to have injured one Tatrault. The plaintiff went to Tatrault, to efíect a settlement, and Tatrault agreed to settle with plaintiff for $50, and the matter was settled for $50. Samuel Hollis paid the money to Tatrault. Hollis did not get the money from plaintiff. Hollis was in the employ of defendant. Hollis had an interview with the president of defendant, and afterwards went to Tatrault with plaintiff, and settled the claim. This is substantially all the evidence. The justice of the peace rendered a judgment for plaintiff for $50, and the county court reversed it. We may notice also that the answer avers that plaintiff paid Tatrault $50 for said damages, and agreed that defendant should retain the amount from his wages; and that plaintiff had *445 paid the said sum of $50 in weekly installments taken from plaintiff’s wages. Now, if the evidence had shown that the defendant had paid this $50 for plaintiff at his request, and was authorized to deduct the amount from his wages, the case would be plain. But we find no evidence that defendant paid the $50. It does not appear from whom Hollis obtained the money, and the averment of the answer is that plaintiff paid the money. The defendant’s points say that it advanced the money, but there is no proof of this.
The argument of the counsel for defendant is that the weekly retention of part of plaintiff’s wages by defendant, known to plaintiff, constituted voluntary payments by the plaintiff to defendant which cannot be recovered back. We think this is incorrect. The retention by a debtor of part of a debt due a creditor, though made with the knowledge of the creditor, is in no sense a voluntary payment of the amount retained. When a debtor pays a part of the debt, the creditor is not required to refuse that part, at the peril of losing the balance, should he accept what is paid him. We do not question the doctrine asserted by defendant that a voluntary payment, made after knowledge, cannot be recovered back. But the plaintiff does not seek to recover back any payment he has made. He sues for his wages, part of which have-been retained. The defendant, therefore, must show that it retained them rightfully. We have no right to assume what might have easily been proved,, if the fact were so, that defendant paid Tatrault $50 at plaintiff’s request. Judgment of county court reversed, and that of justice affirmed, with costs. All concur.