## VILLAGE OF GLENCOE *vs.* COUNTY OF McLEOD.

### January 14, 1889.

**Money Wrongfully Received — Statute of Limitations — Demand. —**
Where one wrongfully receives the money of another, a cause of action to recover it accrues to the latter without any demand. Applied to a case where village authorities paid into the county treasury money of the village upon an agreement with the county commissioners, void because the latter had no power to make it.

Plaintiff brought this action in April, 1888, in the district court for McLeod county, to recover money paid by it to defendant. The defendant appeals from an order by *Edson*, J., overruling its demurrer to the complaint, the allegations of which are in substance as follows, to wit: In 1876, for the purpose of providing a suitable hall for the use of the plaintiff and a suitable court-house for the use of the defendant, the parties to this action undertook to make an agreement whereby plaintiff agreed to pay to the defendant, in land and money, $2,500, and defendant agreed, in consideration thereof, to construct a building to be used jointly by plaintiff and defendant for public purposes, upon certain specified terms and conditions. In performance of this agreement, plaintiff, in 1876, paid to defendant, in land and money, $2,500, and defendant caused the building to be erected, and it was thereafter jointly occupied by the parties until September 15, 1887, when plaintiff was ejected from it by defendant. Thereupon the plaintiff, claiming that the agreement made in 1876 was void on the part of defendant, on November 10, 1887, demanded a return of said sum of $2,500, which was refused.

*George M. Nelson* and *John W. Willis,* for appellant.

*R. H. McClelland,* for respondent.

GILFILLAN, C. J.   Except as to the claim that the cause of action is barred by the statute of limitations this case is precisely analogous to that in *Borough of Henderson* v. *County of Sibley,* 28 Minn. 515, (11 N. W. Rep. 91.)   As in that case, the village authorities paid into the county treasury money of the village, upon an agreement with the county commissioners absolutely void because the latter had no power to make it.   There was no lawful authority on the one side to pay, nor on the other to receive, the money.   The payment and receipt of it having been wrongful, a right of action in behalf of the village to recover it accrued at once, without any previous express demand.   *Dill* v. *Inhabitants of Wareham,* 7 Met. 438; *Earle* v. *Bickford,* 6 Allen, 549.   It is only where the receipt of money is lawful, as where the owner of it pays or delivers it to another, (even though it be by mistake of fact,) that an express demand before suit is necessary.   When the receipt of it is wrongful, as in this case, the possession continues to be wrongful.   The cause of action was therefore barred long before the action was commenced, and the demurrer to the complaint ought on that ground to have been sustained.

Order reversed.