JOHN CABLE *vs.* MINNEAPOLIS STOCK-YARDS & PACKING COMPANY.

November 30, 1891.

**Mortgage—Foreclosure by Advertisement—Sufficiency of Sheriff's Certificate.**—A sheriff's certificate of sale, made and issued under the provision of Laws 1862, *c.* 19, § 3, in proceedings to foreclose a mortgage upon real property by advertisement, was not invalidated by reason of an error in stating the amount of the promissory note alleged to have been secured by said mortgage.   Nor was it invalidated because it described a mortgage bearing date June 3, and acknowledged before a notary on June 4, 1857, as having been *executed* on the day first above mentioned.

**Same—Description of Mortgage.**—*Held*, in this case, that the certificate sufficiently described the foreclosed mortgage.

**Record of Instrument—Notice of Fact not Appearing in it.**—Although a record is not constructive notice of any fact not appearing in it, an inspection of the record will be actual notice, and may suggest inquiries which will charge a purchaser with notice.

Ejectment for the S. W. ¼ of section 21, and the N. W. ¼ of the S. E. ¼ of the same section, in township 30, range 23, in Ramsey county, brought in the district court for that county, and tried before *Brill,* J., who directed a verdict for defendant.   A new trial was refused, and the plaintiff appealed.   Both parties claimed title from one Franz Weizel,—plaintiff by a quitclaim deed from Weizel and wife, bearing date December 8, 1887; the defendant under a mortgage from Weizel and wife bearing date June 3, 1857, and recorded (erroneously, as claimed) June 4, 1857, and again recorded (as claimed) May 11, 1858; and under a sheriff's certificate of sale on foreclosure by advertisement of this mortgage, bearing date September 18, 1862, and recorded (erroneously) on the same day, and again

and correctly recorded February 25, 1887, and, by mesne convey-
ances, under the purchaser at the sale, there having been no re-
demption.

*Henry C. James,* for appellant.

*Gilfillan, Belden & Willard,* for respondent.

COLLINS, J.   The defendant's (respondent's) rights to the posses-
sion of the real property described in the complaint in this action
wholly depend upon the regularity of the proceedings had in a mort-
gage foreclosure sale, by advertisement, in the year 1862.   The real
objections made by appellant to the validity of these proceedings are
that the sheriff's certificate given to the purchaser at the sale failed
to describe the mortgage under which the sale was made; that it
omitted to state that the property was subject to redemption, as it
should have done; and that it was not recorded as by statute re-
quired.

Upon the trial there was received in evidence the original mort-
gage, with the register's certificate of its record on the back thereof.
It bore date June 3, 1857, but was not acknowledged before a notary
public until the next day, June 4th.   Frank Weizel and his wife,
Margaret, of Ramsey county, Minnesota territory, were the mortga-
gors, and Ira Bidwell, of the city of Adrian, state of Michigan, the
mortgagee.   According to its terms it was given to secure the sum of
$6,500, according to the provisions of three promissory notes.   The
land described and mortgaged was the W. $\frac{1}{2}$ of section 21, and the
W. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$, and the N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$, of the same
section, and the N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 22, township 30,
range 23, in said Ramsey county; in all, 560 acres.   The regis-
ter's certificate as to its record showed it to have been recorded
May 11, 1858, at 3:30 P. M., in Book N, pages 90 and 91.   This
record was also produced in evidence.   It was also made to ap-
pear in evidence and by the record that a mortgage identical in
every respect, save one, had been recorded in the same office on
June 4, 1857, at 2:15 P. M., in Book K, pages 402 and 403.   The
only difference, as shown by the record, was that the tract of land
first described in the mortgage recorded in Book K was the W. $\frac{1}{2}$
of section 25, while that in the mortgage recorded in Book N was

the W. $\frac{1}{2}$ of section 21, as before stated. The original sheriff's certificate of foreclosure sale was introduced in evidence, with two certificates as to its record indorsed thereon; one certifying to its proper record on September 18, 1862, the other upon February 25, 1887. In this certificate it was recited that the foreclosure sale was by virtue of a mortgage executed by Frank Weizel and Margaret, his wife, to Ira Bidwell, on the 3d day of June, 1857, to secure the payment of the sum of $5,500. In it the land described in the mortgage before mentioned, and in the record thereof of date May 11, 1858, was accurately described as having been sold September 18, 1862, to satisfy, in part, the mortgage debt. It also contained a statement, in effect, that the mortgagor's right to redeem would expire on September 18, 1863. We have said that this certificate bore two indorsements as to its record. But it was made to appear by the record itself, introduced in evidence by the appellant, that in making the first record, of date September 18, 1862, the register of deeds had made a mistake in description. Instead of showing the N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 21 to have been one of the tracts sold, the record described this 80 as the S. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of that section. But one 40 of the land sold, viz., the N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 21, was affected by this error in recording, and this 40 acres, together with the S. W. $\frac{1}{4}$ of section 21, is the property now in controversy.

It is appellant's position that the certificate of sale received in evidence was in no manner connected with the mortgage and record of the same previously introduced, and that it was wholly worthless as proof of title under it, because it did not describe that mortgage, but another, in fact, and because it contained no statement that the premises sold were subject to redemption, as they were, unquestionably, and, further, because it clearly appeared that the certificate was not accurately recorded within 20 days after the day of sale.

The statute then in force relating to mortgage sales under a power (Laws 1862, *c.* 19) does not differ materially from the present one. It was the duty of the officer making the sale (section 3) to execute and properly acknowledge a certificate of such sale, containing, among other things, a description of the mortgage under which it had been made, and, if the premises are subject to redemption, it shall

be so stated. This certificate must be recorded within 20 days after the day of sale, or by express statute it was declared void. Such a certificate, duly recorded, passed the title to the premises after the expiration of the period of redemption. None being made, the inquiry is, was the certificate offered and received in evidence sufficient under the statute of 1862? As has been observed, it described a mortgage *executed* on June 3d, and given to secure the payment of the sum of $5,500. The mortgage on which respondent rested its rights bore date June 3d, was acknowledged June 4th, and was given to secure the sum of $6,500. It does not devolve upon us to decide on which of these days the mortgage was actually and formally *executed*, for that was not in issue. The word as used by the sheriff when describing the instrument might well refer to the day the mortgagors affixed their signatures as declared in the body of the deed, or to the next day, on which, according to the notary's certificate, they appeared before him and *acknowledged* its execution. In a certain sense the mortgage may not have been executed until acknowledged, but it may be said with as much, and perhaps more, propriety and truthfulness, that it was actually executed when the mortgagors placed their signatures to it, for that was the act denominated in the certificate as the "execution," which they admitted or acknowledged before the notary. As to the date of execution the mortgage was sufficiently described in the certificate.

But it was therein set forth that the amount secured by the mortgage in question was but $5,500, while according to that introduced in evidence, and according to the records in the register's office, the amount secured to Bidwell was $6,500. As the validity of a mortgage does not depend upon the description of the debt it has been given to secure, and may be valid without a note or bond, although it purports to secure and actually describes a note or bond; in other words, as the true state of the indebtedness need not be disclosed by the instrument itself,—*Lee* v. *Fletcher*, 46 Minn. 49, (48 N. W. Rep. 456,) —it is impossible to say that an accurate statement of the sum secured was an essential part of the certificate, or that its validity was affected by the evident error as to the amount of the debt thereby secured. The instrument gave the full names of the mortgagors and

of the mortgagee, with their respective places of residence.    It described the mortgaged premises in strict accordance with the mortgage, and the record made thereof in Book N.    There was no other mortgage of record in the office of the register of deeds between these persons, of date June 3, 1857, save that which appeared of record in Book K, and a glance at each book would have clearly indicated that these records were of the same mortgage; that last in order having been made because of an error of the register when recording the description of one tract of the mortgaged land in Book K.    The mortgage was described in the certificate, because it sufficiently pointed out and identified the one which was then being foreclosed by sale.

There is nothing in appellant's claim that, although the foreclosed premises were subject to redemption, the sheriff omitted so to say in his certificate.    He did state, erroneously and unnecessarily, that the purchaser would be entitled to a conveyance on September 18, 1863, but in this connection was the statement, in substance, that redemption could be made according to the statute.

There remains for consideration the further contention that, as the sheriff's certificate was not recorded within 20 days after the sale, it became absolutely void, under the statute of 1862.    As before stated, the certificate bore the indorsement of the register of deeds that it was duly recorded September 18, 1862,—the day of its execution by the sheriff.    Upon placing in evidence the original mortgage, with the register's indorsement thereon of its record, the sheriff's certificate, which we have held to have complied with the statute, proof that it had been duly recorded, and sundry mesne conveyances, all of which had been put upon record, the defendant established its title to the land in controversy as against the plaintiff's title, founded solely upon a quitclaim deed of date December 8, 1887, executed and delivered by Frank Weizel and Margaret, his wife, the mortgagors of the year 1857.    To overcome this as to one tract of 40 acres of the land described in the complaint, the plaintiff produced in evidence the original record of September 18, 1862, of the sheriff's certificate, from which it clearly appeared that, through an error in transcribing the contents of the certificate to the records, this particular 40-acre tract and another 40 had been omitted.    Although

actually mortgaged and sold on the foreclosure, and described in the sheriff's certificate of sale, the record of the latter failed to include the N. ½ of the S. E. ¼ of section 21 as among the parcels sold. This description was made to read, "the S. ½ of the N. E. ¼," one 40 of which had already been covered in the description immediately preceding, while the other 40 had not been included in the mortgage. This mistake in copying was a most noticeable one, which, in itself, suggested an omission or misdescription of some sort. Unquestionably such a record, in connection with the record of the mortgage, should have put a party searching the title to the 40 in question upon inquiry. It was notice which ought to have been followed up, and a very slight investigation would have disclosed the true state of affairs, and that the register of deeds had incorrectly recorded a complete instrument, in which the 40 acres were properly described and conditionally conveyed to the purchaser at the sale. The appellant could not safely disregard and ignore the notice which could have been gathered from the records at the date of his deed, December 8, 1887. Although a record is not constructive notice of any fact not appearing in it, an inspection of the record will be actual notice, and may suggest inquiries which will charge a purchaser with notice of the fact. *Williamson* v. *Brown*, 15 N. Y. 354; *Grimstone* v. *Carter*, 3 Paige, 421.

Order affirmed.