In the Matter of the Accounting of L. LAFLIN KELLOGG, as Executor of GEORGE H. MORGAN, Deceased, Respondent.

GEORGE D. MORGAN, Appellant; JUNIUS S. MORGAN et al., Respondents.

Testamentary trustees — effect of renunciation of trust by one of two or more trustees — when renouncing trustee may not retract his refusal to act — trustees may receive and invest trust estate of personalty before final accounting of executor.

1. Where one of two or more trustees refuses to accept and execute a trust the estate vests in the others the same as though the trustee refusing to act were dead or had not been named, and a person named as trustee may not retract his refusal to accept the trust after the others have entered upon their trust duties. He should be held to his refusal or renunciation unless, at least, it is withdrawn before the others have acted.

2. Trustees may receive any part of the trust estate consisting of personalty before the executor has accounted and been directed to

pay it over, and are not bound to wait until the final accounting of an executor before investing the money in the manner directed by the testator.

*Matter of Morgan,* 165 App. Div. 987, modified.

(Argued February 24, 1915; decided April 13, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 24, 1914, which affirmed a decree of the New York County Surrogate's Court settling the accounts of L. Laflin Kellogg as executor of George H. Morgan, deceased.

The facts, so far as material, are stated in the opinion.

*Henry A. Wise* and *Ernest A. Bigelow* for appellant. The appellant's renunciation of his trusteeship · was nullified by his subsequent retraction thereof before any estate vested or could properly vest in his co-trustees and he was entitled to receive the residuary bequest jointly with L. L. Kellogg and J. S. Morgan, as trustees. (*Matter of Hood,* 98 N. Y. 363; *Codding* v. *Newman,* 3 T. & C. 364; 63 N. Y. 639; *Matter of Treadwell,* 37 Misc. Rep. 584; *Matter of Wilson,* 92 Hun, 318; *Casey* v. *Gardiner,* 4 Bradf. 13; *Robertson* v. *McGeogh,* 11 Paige, 640; *Matter of Haug,* 29 Misc. Rep. 38; *Matter of Clute,* 37 Misc. Rep. 710; *Matter of Wilson,* 92 Hun, 322.)

*Abram J. Rose* and *William K. Hartpence* for L. Laflin Kellogg as executor, respondent. The findings of the referee having been confirmed by the surrogate and the decision of the surrogate having been unanimously affirmed by the Appellate Division, this court must assume that the findings are sustained by evidence, and unless there is some other exception which presents a question of law, there is nothing left but for this court to affirm the order and decree appealed from. (Cardozo's Jurisdiction of the Court of Appeals [2d ed.], § 56; *Marden* v. *Dorothy,* 160 N. Y. 39; *Matter of Hall,* 164 N. Y.

196; *Krekeler* v. *Aulbach,* 169 N. Y. 372; *Matter of Mercantile Trust Co.,* 210 N. Y. 83; *Hilton* v. *Ernst,* 161 N. Y. 226.) The surrogate under the facts and circumstances of this case was without power either to permit the said George Denison Morgan to retract his renunciation to act as trustee or to reappoint him as a trustee under said will. (Redfield on Surr. Pr. [7th ed.] §§ 319, 514.) In the case of a renunciation by a trustee, there can be no renunciation so as to restore as trustee the person who has renounced. (*King* v. *Donnelly,* 5 Paige, 46; *Matter of Van Schoonhoven,* 5 Paige, 560; *Matter of Stevenson,* 3 Paige, 420; *Matter of Reynolds,* 11 Hun, 41; *Earle* v. *Earle,* 16 J. & S. 18; 93 N. Y. 104; *Matter of Crossman,* 20 How. Pr. 350, 354; *Burrill* v. *Sheil,* 2 Barb. 457.)

*Clarence Blair Mitchell* and *William G. Choate* for James S. Morgan et al., respondents. The finding of the referee approved by the surrogate and affirmed by the Appellate Division that Junius S. Morgan and L. Laflin Kellogg were the only qualified and acting trustees under the will, was correct. (*Matter of Van Schoonhoven,* 5 Paige, 559; *King* v. *Donnelly,* 5 Paige, 46; *Matter of Stevenson,* 3 Paige, 420; *Burritt* v. *Silliman,* 13 N. Y. 93; *Earle* v. *Earle,* 16 J. & S. 18; 93 N. Y. 104; Perry on Trusts, §§ 267, 273.)

*A. Perry Osborn* for Sarah S. Gardner, respondent. The surrogate's decree affirmed by the Appellate Division correctly found that George D. Morgan having renounced as trustee, Junius S. Morgan and L. Laflin Kellogg are the only qualified and acting trustees under the will. (*Matter of Van Schoonhoven,* 5 Paige, 559; *King* v. *Donnelly,* 5 Paige, 46; *Matter of Stevenson,* 3 Paige, 420; *Burritt* v. *Silliman,* 13 N. Y. 93; *Earle* v. *Earle,* 16 J. & S. 18; 93 N. Y. 104; Perry on Trusts, §§ 267, 273.)

*Daniel J. Mooney* for Alexander P. Morgan, respondent.

MILLER, J.   The first question in this case arises upon a bequest in the following words: "I give and bequeath unto my children, Caroline Lucy Morgan, Junius Spencer Morgan and George Denison Morgan, all my silver, bric-a-brac and pictures absolutely, to be divided between them as they shall agree among themselves. If, however, they cannot agree as to the division, then the same shall be divided by lot among them, my eldest child being given first choice." After the death of the testator, the legatees, his three children, met and made a tentative selection of the articles of personal property which each desired to acquire, either by purchase or under the said clause of the will, but without undertaking to distinguish between bric-a-brac and furniture, the agreement being that each would purchase at the inventory prices such articles, so selected, as were neither silver, pictures nor bric-a-brac.   The respondents Junius Spencer Morgan and Caroline Lucy Morgan received from the executor and receipted for such articles in the list of each as were classified by the executor as bric-a-brac and purchased the other articles at the inventoried prices.   The appellant, however, refused to accede to the classification of bric-a-brac made by the executor and refused and declined to purchase the articles in his list classified as furniture, but made an arrangement with the executor whereby the latter was to sell at auction the articles in dispute and keep a separate account thereof so that, if it should be determined that any of them were bric-a-brac, the money should take the place of the specified articles.   Of the articles so sold, the referee found that articles selling for $721.50 were in fact bric-a-brac.   However, instead of allowing that sum to the appellant, it was divided equally among the three children.   The appellant urges that still other articles should be classed as bric-a-brac and that in any view the court erred in not awarding the whole sum of $721.50 to the appellant.

Whilst by the gift to his children of all his "silver,

bric-a-brac and pictures," the testator probably intended to keep in his family such articles, e. g., as tapestries, we are not prepared to say, as a matter of law, that that was his intention or that tapestries are either bric-a-brac or pictures, but think that the appellant is concluded on that branch of the case by the unanimous affirmance of the surrogate's decree. However, it seems plain that the appellant was entitled to all of the articles selected by him which were found by the referee to be bric-a-brac, and that some of them having been sold under an agreement that the proceeds of the sale should take the place of the articles, he was entitled to such proceeds. Practically the only answer suggested to that proposition is that he did not carry out his agreement made with his brother and sister, when the tentative selections were made, to purchase the articles not classed as bric-a-brac. Those articles, however, were sold either to the appellant, to the respondents, or to others, and the estate has the proceeds. It may be that the failure of the appellant to carry out the arrangement would have justified the brother and sister in insisting upon another division of the silver, bric-a-brac and pictures, but they did not do so. The only division made by them was the said tentative division which must, therefore, stand as the division agreed upon in accordance with the directions of the testator. Each, therefore, was entitled absolutely to the articles in his list which were classed as bric-a-brac, and under the arrangement with the executor the appellant was entitled to the proceeds of the bric-a-bric allotted to him.

By the will and codicil thereto the testator appointed the respondent Kellogg and his two sons, the appellant and the respondent Junius S. Morgan, as executors and trustees. The two sons renounced as executors, and the respondent Kellogg qualified as sole executor. Thereafter and on the 10th day of September, 1912, the appellant signed and acknowledged a renunciation as trustee

and delivered it to the respondent Kellogg.   On the hearing before the referee it was introduced in evidence without objection.   On the 1st of December, 1913, the appellant executed a retraction of said renunciation as trustee. A copy thereof was delivered to the respondent Kellogg on the 4th day of December, 1913, and it was filed with the surrogate on January 12th, 1914, and prior to the decree on the accounting of the executor.   It appears by the affidavit of said Kellogg that prior to the attempted withdrawal of said renunciation, the other trustees had entered upon their duties as trustees, had set apart for the several trusts securities of the estate amounting to one million dollars and had purchased in their joint names as trustees a real estate mortgage amounting to seventy thousand dollars and corporate stock of the city of New York amounting to forty thousand dollars.   After the payment of his debts and certain specific legacies, the testator gave $200,000 to his executors and trustees in trust for the benefit of his wife, and he directed that the residue be divided into three equal parts, which he gave to his executors and trustees in trust, one of each for the benefit of each of his three children.   The decree of the surrogate adjudged that the attempted revocation of the renunciation by the appellant as trustee was without force and effect and that the other trustees having entered upon their duties " they continue as such trustees and execute said trusts in accordance with the provisions of said will."

The appellant insists that the trustees had no duty to perform until the executor accounted and was directed to turn over the estate to the trustees, and that, therefore, the renunciation, which was a mere waiver of a right, was effectually withdrawn.   The statute provides for the resignation of a testamentary trustee (See Code of Civil Procedure, section 2814), but not for a renunciation. Section 2639 of the Code of Civil Procedure provides how an executor may renounce, and how such a renunciation

may be retracted. The provision for the retraction seems to be but declaratory of the rule at common law. (See *Codding* v. *Newman*, 3 T. & C. 364; *Robertson* v. *McGeoch*, 11 Paige, 640.) A testamentary trustee derives his authority from the will. Of course, he may refuse to accept the trust, but if he does any act indicative of his acceptance, he may not thereafter resign without the consent of the *cestui ·que trust* or the court. (*Shepherd* v. *M'Evers*, 4 Johns. Ch. 136; *Brennan* v. *Willson*, 71 N. Y. 502; *Earle* v. *Earle*, 16 J. & S. 18; 93 N. Y. 104.) Where one of two or more trustees refuses to accept and execute the trust the estate vests in the others the same as though the trustee refusing to act were dead or had not been named. (*Matter of Stevenson*, 3 Paige, 420; *King* v. *Donnelly*, 5 Paige, 46; *Matter of Van Schoonhoven*, Id. 559.) The appellant seeks to distinguish the cases last cited on the ground that they involved devises of real estate to trustees. The estate in this case consisted entirely of personalty, and it may be that until the remaining trustees had done some act indicating their acceptance of the trust, and possibly until they had actually received, as trustees, some part of the trust estate, the appellant could have retracted his renunciation or refusal to accept the trust. It is not the law, however, that trustees may not receive any part of the trust estate, consisting of personalty, until the executor has accounted and been directed to pay it over. Whilst in case the same person is both executor and trustee, a decree of the court is the most satisfactory evidence of a separation of his duties, it is not indispensable. (*Hurlburt* v. *Durant*, 88 N. Y. 121, 127.) And even with respect to the residuary estate, the trustee may enter upon his duties as such even before his accounting and discharge as executor. (*Olcott* v. *Baldwin*, 190 N. Y. 99.) Cases dealing with the liability of a person as executor, such as *Matter of Hood* (98 N. Y. 363), are not decisive of the point involved in this case; but in that case it was recognized that there

might be a severance of the trust fund by the executor without a judicial decree.

The trustees were not bound to wait until the final accounting of the executor before investing the money belonging to the trust funds in the manner directed by the testator. Certainly the investment of such moneys was an act of the trustees, who thereupon held the securities purchased as joint tenants. It was then too late for the appellant to withdraw his refusal to serve as trustee. If a person named as trustee were permitted to retract his refusal to accept the trust after the others have entered upon their trust duties, complications might arise which cannot now be foreseen. The only safe rule is to hold a person to his refusal or renunciation unless, at least, it is withdrawn before the others have acted. An executor cannot retract after letters have been issued except by reason of revocation of letters or death there is no other acting executor or administrator. (Code of Civil Procedure, section 2639.)

There is a suggestion that the affidavit of the respondent Kellogg was not properly before the surrogate. It is printed in the record and there is nothing to show that any objection was interposed to its being considered. We must, therefore, assume that it was properly before the surrogate, but in any event the unanimous affirmance of the surrogate's decree would require us to assume that there was evidence to sustain the finding therein contained, that the other trustees had entered upon their duties as such.

The order and decree should be modified by directing the payment to the appellant of the proceeds of the sale of the articles of bric-a-brac selected by him amounting to $721.50, and as thus modified affirmed, without costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, CARDOZO and SEABURY, JJ., concur.

Ordered accordingly.