OLE P. NESLAND v. ALFORD G. EDDY AND OTHERS.[1]

November 5, 1915.

Nos. 19,388—(55).

**Adverse claims — submission of issue to jury — special finding.**

In an action to determine adverse claims it is *held*:

(1) That the evidence is sufficient to support the finding of the jury, to which a special finding was submitted, that the name of the defendant Eddy, through whom the defendant Gordon claims title, was not in a deed, as a grantee, executed by the plaintiff, and that another, appearing as a grantee along with Eddy, was the sole grantee.

(2) That the plaintiff was not charged with constructive notice that the name of Eddy appeared in such deed by the record of it; that the

[1] Reported in 154 N. W. 661.

defendant was not a *bona fide* purchaser; and that there was nothing upon which the defendant could base an estoppel.

(3) That the court is not without power to submit an issue to a jury after the commencement of the trial under G. S. 1913, § 7792 (R. L. 1905, § 4164); and the submission in this case was within the sound discretion of the trial court.

Action in the district court for Red Lake county to determine adverse claims to real estate in plaintiff's possession. The case was tried before Watts, J., and a jury which returned a negative answer to the question whether at the time plaintiff delivered the deed of his land it contained the name of Alford G. Eddy as one of the grantees therein. The court denied a motion to set aside the verdict and for judgment in favor of defendants, made findings and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant George W. Gordon appealed. Affirmed.

*Fred L. Farley, George H. Gordon* and *L. L. Brown,* for appellant.

*W. E. Rowe* and *Charles Martin,* for respondent.

DIBELL, C.

Action to determine adverse claims to a quarter section of land in Red Lake county. One issue of fact was submitted to the jury. There were findings for the plaintiff. The defendant Gordon alone appeared. He appeals from the order denying his motion for a new trial.

1. In January, 1906, the plaintiff traded a quarter section of Red Lake county land for three quarter sections in Colorado. He gave a deed and received a contract. The deed which he gave, as it is in evidence, contains the names of Selover, Bates & Company, a corporation, and the defendant Eddy, as grantees. It was recorded February 10, 1906. There is evidence that Eddy was interested with the company in the Colorado land. The plaintiff claims that, when he executed and delivered the deed, the name of Eddy was not in it. Whether it was, was the issue of fact submitted to the jury. The jury found that it was not.

In January, 1907, the plaintiff and Selover, Bates & Company traded back and the plaintiff received a quitclaim deed from the company. Eddy gave a quitclaim deed to the defendant Gordon in 1909. If the 1906 deed of the plaintiff contained the name of Eddy as one of the

grantees, Gordon, upon the record before us, has title to an undivided one-half of the land.

The deed was drawn by Bates, the secretary of the company. He says it contained the name of Eddy when executed by the plaintiff. The plaintiff says that he examined the deed when he signed and delivered it and that it contained the name of Selover, Bates & Company alone. Halvorson, a witness to the deed, gives like testimony. This is all the direct testimony. There are some circumstances against the claim of the plaintiff and some against the claim of the defendant and some in support of each. The character of the case does not require their rehearsal. It is enough to say that the evidence in support of the finding of the jury is quite sufficient.

2. The defendant urges that when the plaintiff took the deed from Selover, Bates & Company, in January, 1907, on the retrade of the lands, he was charged with constructive notice of the deed of January, 1906, containing the name of Eddy as one of the grantees as it then appeared of record; and that he was a *bona fide* purchaser for value from Eddy, the record owner of an undivided one-half of the land, relying upon the title as it appeared of record. The plaintiff was not charged by the record with constructive notice that Eddy appeared as a grantee—the result, if there was a fraudulent intent, of a forgery, and in any event an unauthorized and material alteration. A forged deed is not entitled to record. 2 Jones, Conveyancing, §1379, and cases cited; 2 Devlin, Deeds, §726. If the name of Eddy was not in the 1906 deed when delivered, Eddy took nothing, and the defendant as his grantee took nothing by his deed. 2 C. J. 1185, and cases cited; 13 Cyc. 721. The plaintiff was in possession. The defendant, upon the record, cannot assert that he was without notice, nor does he assert that he gave value; nor is he in position to claim an estoppel within Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, 130 N. W. 851, and cases cited.

3. The case came on for trial on November 25, 1913, and the testimony of one witness was taken out of its order. It was then adjourned to be taken up at a date to be fixed by the court later. It came on for further hearing on April 1, 1914. In the meantime the pleadings had been amended, and the court, on motion, had made an order, dated March 1, 1914, submitting the issue before mentioned to a jury. The

defendant now claims that an issue cannot be framed after the commencement of the trial. He relies upon Berkey v. Judd, 14 Minn. 300, (394), where the court remarked that under the statute the issue must be framed before the commencement of the trial, citing O'Brien v. Bowes, 4 Bosw. 657, as its authority. The remark was gratuitous and the case cited is not authority for it. The cases do not seem to hold that the court is without power to submit an issue after trial commenced when not restrained by positive law. 11 Enc. Pl. & Pr. 657-661, and cases cited. Doubtless good practice requires that the submission be made before the trial is commenced. This is the requirement of the district court rule. (Rule 25, 96 Minn. xxxii.) It is within the sound discretion of the trial court to submit an issue after trial commenced under G. S. 1913, §7792 (R. L. 1905, §4164). It is not without power. In the case at bar, conceding that the case was begun, it was within the sound discretion of the court to submit the issue to the jury—an issue first clearly made by the amended pleadings.

Order affirmed.