## H. L. BURNS v. VICTOR E. ESSLING AND OTHERS.[1]

January 19, 1923.

No. 23,009.

**Taxpayer may sue for repayment of funds illegally taken from municipality.**
1. A taxpayer may sue to compel a restoration of funds illegally taken from the treasury of a municipal corporation. The theory upon which such an action may be maintained is that there was no authority on the one side to pay or on the other to receive the money.

**But he cannot bring it in behalf of a city, when.**
2. A taxpayer has no right to bring such an action in behalf of a city, unless he has requested the proper officers to bring it and they have refused, or unless it appears that it would be futile to make such request.

**Request unnecessary when mayor and council are defendants in such action.**
3. Such a request is unnecessary where it is charged that the mayor and councilmen have appropriated public funds for unauthorized purposes and the action is brought against such officers and the sureties on their bonds to compel restitution of the money illegally appropriated.

Action in the district court for St. Louis county to compel defendants to restore $74,661.54 to the treasury of the city of Eveleth. Defendants' demurrer to the complaint was overruled by Freeman, J. From the order overruling the demurrer, defendants appealed. Affirmed.

*J. C. McGilvery* and *Warner E. Whipple,* for appellant.
*Giblin & Manthey,* for respondent.

LEES, C.

Appeal from an order overruling a demurrer to the complaint, the trial court having certified that the question presented was important and doubtful.

[1]Reported in 191 N. W. 899.

The action was brought by plaintiff in behalf of himself and other taxpayers in the city of Eveleth to compel the mayor and councilmen to restore to the city $74,661.54, alleged to have been wrongfully appropriated out of the public funds of the city by these officers. The complaint alleged that there are no city officers having authority to bring actions in behalf of the city except those named as defendants. The sureties on the bonds of the officers were joined as defendants. The complaint did not allege that demand had been made on the officers to bring this action in the city's behalf. Defendants contend that, in the absence of such a demand, unless facts are alleged showing that it would be futile, a taxpayer cannot bring an action in behalf of a municipality to recover from the municipal officers money appropriated or expended for unauthorized purposes.

Nine causes of action are pleaded, substantially in the same form. The first relates to an appropriation of $5,000 to the mayor and city clerk, to be used by them to promote a baseball club. The second relates to an appropriation of $5,000 to the Eveleth Hockey Association for the support of a hockey club. The third, fourth, fifth and sixth relate to appropriations to the Eveleth Athletic Association, aggregating $32,500, to be used for sports and recreation. The seventh is for $8,073.38, appropriated to pay a bill of that amount due a lumber company for lumber furnished to construct a hockey rink built by the athletic association. The eighth relates to an appropriation of $10,000 to the athletic association to pay for labor and materials required to erect a hockey and skating rink owned by the association. The ninth relates to an appropriation of $14,088.16 to pay for board and lodging furnished by a hotelkeeper to men engaged by the athletic association as baseball and hockey players, and board and lodging furnished to the wives of the players and to trainers, referees and umpires.

A taxpayer may sue to compel a restoration of funds illegally taken from the treasury of a municipal corporation. Bailey v. Strachan, 77 Minn. 526, 80 N. W. 694; Cone v. Wold, 85 Minn. 302, 88 N. W. 977; Stone v. Bevans, 88 Minn. 127, 92 N. W. 520, 97 Am. St. 506. Although law-making bodies are constantly enlarging the field of expenditure of public funds, so far as we know appropria-

tions for the support of baseball and hockey clubs, and the maintenance of the players, their wives and trainers, are not yet authorized. As we understand it, counsel for defendants do not seriously contend that an action to compel a restoration of moneys withdrawn from the city treasury for such purposes may not be maintained. The theory upon which such actions are maintained is that there was no authority on the one side to pay, or on the other to receive the money. Borough of Henderson v. County of Sibley, 28 Minn. 515, 11 N. W. 91; Village of Glencoe v. County of McLeod, 40 Minn. 44, 41 N. W. 239; City of Chaska v. Hedman, 53 Minn. 525, 55 N. W. 737; City of Fergus Falls v. Fergus Falls Hotel Co. 80 Minn. 165, 83 N. W. 54, 50 L. R. A. 170, 81 Am. St. 249; Town of Buyck v. Buyck, 112 Minn. 94, 127 N. W. 452, 140 Am. St. 464.

As to private corporations, the rule is that a stockholder may not bring an action for or in the name of the corporation, unless he has requested its officers to bring the action and they have refused, or unless it appears that it would be a useless ceremony to make such a demand. Rothwell v. Robinson, 39 Minn. 1, 38 N. W. 772, 12 Am. St. 608; Pencille v. State Farmers M. H. Ins. Co. 74 Minn. 67, 76 N. W. 1026, 73 Am. St. 326; National P. & P. Co. v. Rossman, 122 Minn. 355, 142 N. W. 818, Ann. Cas. 1914D, 830. The same rule must be applied where a taxpayer sues to vindicate the rights of a municipal corporation. Reed v. Cunningham, 126 Iowa 302, 101 N. W. 1055; McQuillin, Mun. Corp. § 2582. However, it is unnecessary to make a useless request. The question presented here is whether a request would have been anything but an idle ceremony.

It is perfectly apparent that, if the mayor and councilmen were the persons who actually received the money, it would be futile to ask them to bring an action in the city's behalf against themselves. But counsel for defendants emphasize the fact that the money came directly or indirectly into the hands of other persons, who are not parties to this action. They assert that it is a departure from sound public policy to permit plaintiff to maintain an action prosecuted solely for the benefit of the city, without joining as defendants all

those who may be compelled to make restitution. Their line of argument is that, if the officers of the city had been asked to bring suit against the recipients of the money, self interest might have prompted them to sue. They point to the fact that the Eveleth Athletic Association is alleged to be an unincorporated association having 15 members, three of whom are the defendants Victor E. Essling, William Murray and D. A. Murray, and suggest that, if all the members of the association had been made defendants, the amount which these defendants might ultimately have to pay would be diminished and there would be greater certainty of a complete restoration of the money to the city.

The argument leaves out of consideration the position the city would occupy if such an action were commenced. Its officers sanctioned the withdrawal of the money from the treasury and its expenditure for the purposes stated. To prevail in the action, the city would have to make proof of a state of facts from which it might be inferred that there had been repeated violations of a penal statute of this state. Sections 8814, 8815, G. S. 1913. Under all the circumstances, it would be expecting too much of human nature to suppose that these officers would prosecute the action vigorously or earnestly. It is inconceivable that there would be anything but a half-hearted prosecution. But if the defendants have been convinced that such an action should be brought, there is nothing to prevent them from bringing it now. If it is true that money has been illegally appropriated, the defendants, or those who received it, may return it to the city and have a perfect defense.

Our views accord with those expressed by the trial judge in overruling the demurrer. He said:

"It would seem to the court that in a case of this kind, it would be a mere mockery to require a taxpayer * * * to make a demand upon these same officers to bring an action * * * as officers against themselves as individuals to recover sums of money that they have illegally spent."

The defendant surety companies are bound to the city. This action is prosecuted for the benefit of the city. The terms of the

bonds are such that the sureties are liable in an amount not exceeding the sums specified in the bonds if their principals are liable. The companies were properly joined as defendants and the complaint states causes of action against them as well as against their principals.

Order affirmed.