## WALTER SHAVE v. UNITED STATES FIDELITY & GUARANTY COMPANY AND ANOTHER.[1]

April 23, 1937.

No. 31,220.

---

[1]Reported in 272 N. W. 597.

*James A. Garrity,* for appellant.
*Christian G. Dosland,* for respondent.

HOLT, JUSTICE.

Appellant demurred to the complaint on the specific ground that more than six years had elapsed since the cause of action accrued. In overruling the demurrer the court certified the question presented to be doubtful and important. The appellant appealed from the order.

The main facts alleged in the complaint are: In December, 1935, plaintiff was, by the district court of Clay county, Minnesota, appointed trustee of the trust estate of James Lamb created by will of Ann Anderson Lamb and has qualified as such. Ann Anderson Lamb died testate November 11, 1923, a resident of Clay county, having a son, James Lamb, over 21 years old at the time of her death. The mother's will was duly admitted to probate in Clay county, and defendant Delaney, named in her will as executor, was appointed and qualified as such, appellant being the surety on his bond as executor in the sum of $20,000. Delaney filed his final account as executor on May 18, 1925. It was allowed; and on the same day a final decree of distribution was made and entered, which decreed, among other matters, that all and singular of the property of decedent "is hereby assigned to and vested in David D. Delaney in trust; nevertheless, to be marshalled by him, held and managed by him as a Trust Fund, to invest and reinvest the said fund in real estate mortgages, municipal bonds, or any other form of income bearing property * * *. That the said trustee is

directed to pay the net income of said Trust Estate semi-annually or annually as may be found convenient to James Lamb, son of said decedent, as long as he shall live, and at his death all of the said Trust property shall immediately become the property of the children of the said James Lamb * * * then living, * * *" There was due under said decree to the trust estate of James Lamb $8,979.66 cash from Delaney as executor. It is alleged that on June 9, 1925, said Delaney wilfully, wrongfully, and fraudulently represented to the probate court of Clay county that he had fully complied with said decree and had paid over to the distributees named in the final decree the moneys awarded them by the decree and had fully administered the estate; that said representations were false and were made for the fraudulent purpose of discharging said Delaney as executor and releasing appellant, his surety on the bond; and the probate court, relying on said false and fraudulent representations, did on said June 9, 1925, make its order that the executor and its surety be discharged and released. Instead of being appointed trustee and receiving the trust fund as distributee under the decree, it is alleged that he, while executor, embezzled and converted said trust fund of $8,979.66 to his own use, that he paid no part thereof to himself as trustee, nor was he ever appointed as such by the district court; but has now absconded. It is also alleged that the beneficiary of the trust estate, James Lamb, is a layman without knowledge of legal procedure; that he had implicit confidence in the honesty and ability of Delaney as executor; that he employed no attorney; that Delaney studiously concealed from James Lamb that he, Delaney, had not been appointed trustee under the will by the district court of Clay county; and that James Lamb had no knowledge of the order of the probate court of Clay county filed June 9, 1925, or of the fraud practiced on the probate court in procuring said order until early in 1932. Collateral matters are pleaded tending to show why James Lamb did not sooner discover the fraud or sooner seek relief. He had received the income on the $8,979.66 up until 1931. It is shown that the probate court, in April, 1936, entered an order vacating

for fraud practiced on it the order filed June 9, 1925, discharging Delaney as executor and appellant, his surety, and reinstating the bond in suit; and that leave to sue on the bond was granted by the probate court. The demurrer was interposed by the surety on the executor's bond on the ground that the complaint disclosed that more than six years had elapsed since the cause of action on the bond accrued.

The demurrer is not a general demurrer, but is based specifically on the ground that it appears from the face of the complaint that more than six years have elapsed since the cause of action accrued against appellant. The demurrer is predicated upon Ganser v. Ganser, 83 Minn. 199, 86 N. W. 18, 85 A. S. R. 461. The complaint is not as definite and certain as might be desired in respect to the capacity in which the defendant Delaney is sued. If the action is against Delaney in any other capacity than executor there can be no recovery against appellant. It is only liable upon the bond here in suit for Delaney's delinquencies as executor. So, this demurrer, not being general, but interposing the statute of limitations as the sole defense, we must construe the complaint as charging the embezzlement of the trust fund as having occurred while Delaney was executor; that he never turned over the fund to a trustee; that he never accepted the appointment of trustee under the will of Ann Anderson Lamb; but fraudulently misrepresented the facts to the probate court, and by fraud upon that court procured the order of June 9, 1925, discharging him as executor and releasing appellant, his surety. It is true that the final decree of distribution of May 18, 1925, is not attacked in this complaint, and by it title to the trust fund was vested in the testamentary trustee, Delaney; but such a trustee is not forced to accept the appointment or to receive the trust fund from the executor. We had, prior to the enactment of L. 1933, c. 259 (3 Mason Minn. St. 1936 Supp. §§ 8100-11 to 8100-16), no statute requiring such a trustee to be appointed in the first instance by the district court. It is not necessary at this time to consider what effect is to be given the practice that, as we understand, has obtained of the district court appointing testamentary

trustees in virtue of c. 60 of the Code (Uses and Trusts). See 65 C. J. p. 578, § 347; In re Kellogg, 214 N. Y. 460, 108 N. E. 844, Ann. Cas. 1916D, 1298; In re Jones' Estate, 136 Misc. 122, 238 N. Y. S. 753. The beneficiary had no cause of action against the executor for failure to pay over or account for the trust fund. If Delaney refused to accept the trusteeship, there was none in existence to receive such fund from or collect it of the executor and his surety until this plaintiff was appointed. While the beneficiary of the trust fund here in question could not sue the executor or recover on appellant's bond, he had a remedy to protect his interests. And undoubtedly at his instance plaintiff was appointed trustee, and is now proceeding. We think it appears from the allegations of the complaint that Delaney induced the beneficiary to believe that he, Delaney, had been appointed trustee, had qualified, and had received the trust fund from himself as executor, for he, James Lamb, had received the income therefrom until 1931; being a layman unacquainted with legal proceedings, he did not discover until 1932 the fraud that had been practiced on himself and on the probate court in procuring the order of discharge as executor. Until the discovery of this fraud the statute of limitations did not commence to run against the remedy the beneficiary had of procuring the appointment of a trustee to recover the trust fund from the executor and his surety, the appellant. It would seem that the cause of action accrued to the beneficiary when the fraud was discovered by him. He had interests which he could call on the courts to enforce, and the statute of limitations had not barred this action when plaintiff was authorized to sue on the executor's bond.

Appellant in the oral argument cited Sellars v. Sellars, 196 Minn. 143, 264 N. W. 425; In re Estate of Jordan, 199 Minn. 53, 271 N. W. 104. The Sellars case involved the question of jurisdiction to grant a ward relief against his guardian and her surety on a sales bond after the sale had been approved and the guardian and her surety had been discharged. The guardian had removed from the state when notice was served by publication. It was held that the proceeding was not *in rem,* and jurisdiction had not been ob-

tained of the guardian or the subject matter. The decision is not in point here. Neither is the Jordan case, which was to vacate a judgment under the provision of 2 Mason Minn. St. 1927, § 9405. The vacation of the order of June 9, 1925, by the probate court is not attacked by the demurrer and could not well be.

The order is affirmed.

