## TOWNSHIP OF NORMANIA v. COUNTY OF YELLOW MEDICINE.[1]

June 16, 1939.

No. 31,951.

[1]Reported in 286 N. W. 881.

452

*Charles L. DeReu,* for appellant.
*Hall & Catlin* and *Paul D. Stratton,* for respondent.

PETERSON, JUSTICE.

Plaintiff appealed to the district court from the disallowance by the county board of Yellow Medicine county of a claim for $1,931.66. The complaint, stripped of legal conclusions and accusations against defendant, alleges that the amount claimed was withheld by defendant from tax collections in its hands belonging to plaintiff to pay certain ditch assessment installments assessed against defendant; that the assessments were payable in 15 annual installments in each year, except 1925, from 1920 to 1934, inclusive; that defendant obtained the moneys so withheld by fraudulent representations that plaintiff was liable for the assessment; that plaintiff relied on the representations and did not discover the fraud until the fall of 1936. The county auditor during each of the years mentioned added to plaintiff's tax levy an amount equal to the install-

ment and interest due, which was deducted from the October tax settlement.

The answer alleged the ditch assessment was regularly assessed against plaintiff in the proceedings for the establishment and construction of the ditch, that payment was voluntary, and that plaintiff's claim, if any, was barred by the statute of limitations upon the ground that it had not accrued within six years prior to the commencement of the action.

The reply was a general denial with allegations that the amounts alleged in the answer to have been voluntarily paid were illegally withheld from plaintiff by defendant.

Upon the trial plaintiff introduced in evidence the final order of the district court establishing the judicial ditch, filed on October 11, 1918. It modified the viewers' report assessing against plaintiff the benefits to a county road by making the assessment against defendant. It was stipulated that the county auditor filed a lien for the assessment against plaintiff, which defendant collected in the manner stated. The lien filed by the auditor was in plain disregard of the court's order that the assessment be against defendant, not plaintiff. Plaintiff then offered to show that it had no knowledge or notice that defendant was collecting the ditch assessment installments in the manner stated, that plaintiff had not in fact authorized any of its officers to make or consent to the payments, and that it did not discover the fact of such payment until the fall of 1936, after the last installment was paid. The court below rejected all offers on the grounds that any amount collected by defendant from plaintiff constituted a voluntary payment of taxes, without regard to whether plaintiff had knowledge or notice of the ditch assessment by the county auditor or knew or consented to the payments. Plaintiff asserted that defendant would be liable, even if all the offers were excluded, upon the ground that alleged payments were unauthorized and illegal. The alleged bar of the statute of limitations was not reached or considered below.

Findings were made that plaintiff voluntarily paid the assessments with notice and knowledge, and judgment was ordered for defendant.

454

Plaintiff contends that the doctrine of voluntary payment can have no application in any aspect of the case upon the grounds that, where there is no legal authorization for an expenditure by public authority, the money paid may be recovered as an illegal expenditure to which the payee never acquired any right. It also claims that the evidence shows that it is entitled to recover on the grounds of fraud and mistake. Upon this hypothesis, plaintiff claims that it is entitled to judgment here. Defendant contends that the evidence shows voluntary payment and that plaintiff's claim is barred by the statute of limitations.

■ The doctrine of voluntary payment has no application to unauthorized payments of public funds. The basis of the rule in the case of individuals and private corporations, within certain limits not material here, is that they have the power to do as they wish with their own. But it is not so with the officers of a municipal corporation. Neither they nor the corporation may do as they wish with the corporation's funds. The powers and duties of municipal corporations and their officers are defined by law. Unless an expenditure is authorized by law, it can never be the act of the corporation. In City of Chaska v. Hedman, 53 Minn. 525, 527, 55 N. W. 737, 738, in holding that a bonus paid to an individual to locate a factory in plaintiff city was not a voluntary payment, we said: "And in this case the payment was not the act of the corporation. It had no authority to make it; no one of its officers, nor all of them together, had authority to make it." A municipal or public corporation may recover back from the payee unauthorized payments of its funds, whether the payee be another public corporation as in Borough of Henderson v. County of Sibley, 28 Minn. 515, 11 N. W. 91, and Village of Glencoe v. County of McLeod, 40 Minn. 44, 41 N. W. 239, or an individual as in City of Chaska v. Hedman, *supra*, and Burns v. Essling, 154 Minn. 304, 191 N. W. 899.

Apparently the court treated the payments of the assessment as tax payments. A ditch assessment is not a tax as that word is ordinarily used. The distinction between a ditch lien and a tax

was pointed out in Clapp v. Minnesota Grass Twine Co. 81 Minn. 511, 84 N. W. 344. Furthermore the payments were withheld from and not paid by plaintiff. The retention by a debtor of a part of a debt due a creditor, even with his knowledge, is in no sense a voluntary payment of the amount retained. Consolidated Fruit Jar Co. v. Wisner, 110 App. Div. 99, 97 N. Y. S. 52; Sondheimer v. Troy & L. R. Co. 50 Hun 607, 3 N. Y. S. 444; Ponce & G. R. Co. v. American R. Co. 7 Porto Rico Fed. 634.

■ The payment of the ditch liens by the county auditor out of plaintiff's tax collections was unauthorized. By statute the liability for assessment for benefits resulting from the construction of a judicial ditch is to be determined by the final order establishing the ditch, which has all the binding force of a judgment *in rem*. In re Judicial Ditch No. 4, 160 Minn. 387, 200 N. W. 471; Lupkes v. Town of Clifton, 157 Minn. 493, 196 N. W. 666. Since the final order so determined, the defendant, not plaintiff, became liable for the ditch assessments involved here.

The county auditor's duties are defined by the statute. He is required to prepare a ditch lien statement showing the proportionate amount of the cost of construction of the improvement for which each tract of land is benefited, including "all public or corporate roads * * * as affected by the order of confirmation of the board or judge, as aforesaid." G. S. 1913, § 5543 (now G. S. 1923, § 6703). The county auditor's function in apportioning the cost of construction of a ditch to benefited lands is the same in principle as that of spreading taxes levied against property liable for the tax. In State v. Republic Steel Corp. 199 Minn. 107, 271 N. W. 119, we held that the county auditor's function in that respect was merely the mechanical or clerical part of computing the tax resulting from the several tax levies against taxable property and entering such a tax on the permanent records of the county for enforcement; but that the county auditor had no power to levy a tax or make an assessment. Items not embraced in a tax levy included as part of the taxes spread by the county auditor were held to be unauthorized and void. The clerical work of spreading an assess-

ment does not embrace authority to include items which have not been authorized. Board of Co. Commrs. v. Nettleton, 22 Minn. 356; State ex rel. Brown v. Board of Public Works, 134 Minn. 204, 158 N. W. 977. An assessment against lands not benefited by a drainage ditch is void. In re Repair of County Ditch No. 18, 147 Minn. 422, 180 N. W. 537. Here the county auditor in effect made his own unauthorized assessment contrary to the order of the court.

The county auditor had no right to file the ditch lien or collect the assessment contrary to the court's order. The lien as to the township was void, the collection of the assessment unauthorized. There was no authority for payment of the assessment.

■ This action was commenced in March, 1937. The assessment installments retained within six years prior to that date are not barred by the statute of limitations. Where, as here, there has been a tax settlement or apportionment of taxes collected whereby the amount due to each taxing district for taxes levied by it is determined, each taxing district is entitled to its full apportioned share. Acceptance of a less amount over a period of years does not operate as a waiver or estoppel to claim the balance of its share. Board of Supervisors v. City of Lincoln, 81 Ill. 156; Strough v. Board of Supervisors, 119 N. Y. 212, 23 N. E. 552; City of Buffalo v. County of Erie, 88 Misc. 591, 151 N. Y. S. 409, affirmed 220 N. Y. 620, 115 N. E. 1036; People ex rel. Village of Cobleskill v. Board of Supervisors, 140 App. Div. 769, 126 N. Y. S. 259.

In any aspect of the case, the installments and interest retained within six years prior to March, 1937, may be recovered by plaintiff.

■ Whether or not the installments withheld more than six years prior to the commencement of the action are barred depends on facts which were not determined below. Plaintiff claims both fraud and fraudulent concealment. In either case the statute runs from the discovery of plaintiff's cause of action. The statute runs from the discovery of the fraud where the action is one for relief on the ground of fraud. 2 Mason Minn. St. 1927, § 9191(6).

We deem it proper, in view of a new trial, to suggest consideration of these principles apparently overlooked below.

If fraud is not proved, the cause of action here would be for money had and received or on implied contract, which must be commenced within six years under *Id.* § 9191(1). Strough v. Board of Supervisors, *supra;* Rosedale School Dist. No. 5 v. Towner County, 56 N. D. 41, 216 N. W. 212; City of Centerville v. Turner County, 23 S. D. 424, 122 N. W. 350; City of Centerville v. Turner County, 25 S. D. 300, 126 N. W. 605. While there is much difference of opinion, the majority rule, which we follow, is that the statute of limitations does not run during the time that the defendant fraudulently conceals from the plaintiff the facts constituting the cause of action, whether such cause of action be founded on fraud or other grounds. Schmucking v. Mayo, 183 Minn. 37, 235 N. W. 633; Bailey v. Glover, 21 Wall. 342, 22 L. ed. 636; Brookshire v. Burkhart, 141 Okl. 1, 283 P. 571, 67 A. L. R. 1059; note, 25 L. R. A. 566; 37 C. J. pp. 972-973, § 353, notes 14 to 18; see Restatement, Restitution, § 148, comment f, p. 593; Board of Co. Commrs. v. Smith, 22 Minn. 97; Lewis v. Welch, 47 Minn. 193, 48 N. W. 608, 49 N. W. 665; Shave v. U. S. F. & G. Co. 199 Minn. 538, 272 N. W. 597. Any concealment by positive affirmative act and not mere silence is itself fraudulent so as to prevent the statute from running. Carrier v. C. R. I. & P. Ry. Co. 79 Iowa, 80, 44 N. W. 203, 6 L. R. A. 799; Manufacturers' Nat. Bank v. Perry, 144 Mass. 313, 11 N. E. 81; 37 C. J. p. 975, § 357, note 41.

In the absence of fraudulent concealment, a party's ignorance of the existence of his cause of action does not prevent the running of the statute of limitations. Weston v. Jones, 160 Minn. 32, 199 N. W. 431.

The point has not been raised whether or not a county may be held liable for fraud or fraudulent concealment. Whether it may be held liable on either ground under our decisions in Schussler v. Board of Commrs. 67 Minn. 412, 70 N. W. 6, 39 L. R. A. 75, 64 A. S. R. 424; Viebahn v. Board of Co. Commrs. 96 Minn. 276, 104 N. W. 1089, 3 L.R.A.(N.S.) 1126; Peterson v. County of Koochiching, 133 Minn. 343, 158 N. W. 605; see Erickson v. County of Stearns, 190 Minn. 433, 252 N. W. 219, is an open question which was not discussed in the briefs or in the argument. In Churchman v. City

of Indianapolis, 110 Ind. 259, 11 N. E. 301, it was assumed, but not decided, that the rule applied against a city where there has been some affirmative act or conduct and not mere silence.

Nor was the question whether or not the filing of the lien statement constituted notice to plaintiff discussed. Like the record of a deed or other instrument relating to land, the filing of the lien statement is "deemed notice to all parties interested of the existence of such lien." G. S. 1913, § 5544 (now 2 Mason Minn. St. 1927, § 6840-45). But ordinarily the record of an instrument not entitled to record does not operate as constructive notice. Nesland v. Eddy, 131 Minn. 62, 154 N. W. 661. 5 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 8288, note 38. While the record of an instrument not entitled to record may not afford constructive notice, it may give actual notice where a party examines it or otherwise learns of its existence. Martin v. Brown, 4 Minn. 201 (282); Cable v. Minneapolis Stock-Yards & Packing Co. 47 Minn. 417, 50 N. W. 528.

The rulings of the court prevented inquiry, which might have shown actual knowledge or notice, or the lack of it. Since such notice or knowledge determines the time from which the statute of limitations commences to run in cases of fraud and fraudulent concealment, there should be wide latitude in the inquiry.

The applicability of the statute of limitations will not be considered on appeal, even though the question was raised below, if it was not passed on by the trial court, especially where, as here, the facts upon which its application depends are in dispute. 1 Dunnell, Minn. Dig. (2 ed.) § 384; Hardwick v. Ickler, 71 Minn. 25, 73 N. W. 519; Gilbert v. Hewetson, 79 Minn. 326, 82 N. W. 655, 79 A. S. R. 486; 3 Am. Jur., Appeal and Error, § 298, note 3.

The case was decided upon an erroneous theory. The rule of voluntary payment is not applicable. Whether, or to what extent, the plaintiff's claim is barred by the statute of limitations can only be ascertained upon a new trial.

Reversed and new trial granted.

Mr. Justice Hilton, being incapacitated by illness, took no part.