# 𝔖taunton

## APPALACHIAN ELECTRIC POWER COMPANY, ETC. V. TOWN OF GALAX, ET ALS.

September 13, 1939.

Record No. 2111.

Present, All the Justices.

The opinion states the case.

*John M. Parsons, S. Floyd Landreth, W. D. Staples, J. Wallace Ould, T. X. Parsons* and *John L. Abbot,* for the appellant.

*Jack M. Matthews, Horace Sutherland* and *H. Prince Burnett,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

This was a bill in equity filed by appellant to enjoin the town of Galax and its officers from issuing bonds in the sum of $158,000, for the purpose of establishing an electric generating plant and distributing system for the town of Galax.

The principal allegations of the bill are: (1) That complainant is a taxpayer in the town of Galax and that as such taxpayer, its property will be subjected to an illegal tax burden if the bonds are issued by the town authorities, for the reason that the purported election held on the 30th day of August, 1938, was held contrary to the statute governing such elections, and therefore, is illegal and void; (2) That the operation of the proposed system by the town, in competition with complainant, is an infringement upon the franchise rights granted complainant by the town, for the reason that complainant was by its franchise granted an exclusive right to furnish the town with street lighting; (3) That the bond issue election was not authorized by the Constitution and State statutes; (4) That the election returns were erroneous and equity has jurisdiction to correct such returns; (5) That the ordinance of the town authorizing the issuance of bonds is void because the Public Works agreement on which the ordinance is based contains an un-

authorized delegation of power by the town; and (6) That the agreement between the town and Scott, Horner and Mason, Inc., which gives the corporation for a period of one year an option to purchase the bonds, is void, because such agreement is against public policy.

Defendants filed their demurrer and answer to the bill of complaint. The demurrer is grounded upon the broad proposition that the bill is not sufficient in law, for the reason that a court of equity is without jurisdiction to hear what, in effect, amounts to a contest of the election held on the question of the issuance of the bonds. In the decree sustaining the demurrer this is said: " * * * the court is of opinion that the said second amended bill is insufficient in law and that there is no equity therein, and it is accordingly adjudged, ordered and decreed that the said demurrer of the said defendants thereto be, and the same is, sustained and said bill is dismissed."

This conclusion of the chancellor was reached with grave doubt of its correctness as is shown in an informal written opinion.

Referring to the holding of this court in *Sanders* v. *County School Board of Prince William County*, 158 Va. 303, 163 S. E. 394, wherein it is said, "The Courts may hear election contests only when the power is given them by statute," the chancellor stated: "I doubt that the Court thus meant to overturn the principle stated in the *Redd Case* (*Redd* v. *Supervisors of Henry County*, 31 Gratt. (72 Va.) 695), and if a final decree were now to be entered, I would so hold.

"But there are practical considerations here which counsel a different course. We are considering a motion to enlarge the temporary injunction. Section 6320 of the Code provides that where a circuit court refuses to grant a temporary injunction, or refuses to enlarge one already granted, the matter may be presented to a judge of the Supreme Court, who may grant such injunction, or enlarge the one already granted.

"If this injunction were now enlarged, it would require the taking of evidence on the questions of the conduct of the election. That would require a considerable time, and at the end of the proceeding the Supreme Court may say all that was useless under the holding in the *Sanders Case*. In the meantime the risk would be incurred of losing the P. W. A. grant, and this would be an element in the penalty of the injunction bond.

"These contingencies may be avoided by now holding in accord with the statement in the *Sanders Case,* * * * ."

The sustaining of the demurrer and the dismissal of the bill is assigned as error.

In the *Sanders Case, supra,* this court, speaking through Mr. Justice Hudgins, held, as above stated, that equity would not entertain a bill, the sole object of which was to contest an election. However, it was also held that a citizen and taxpayer had the right to intervene in a pending matter by filing a petition which attacked the legality of the election on the ground that his property rights were involved.

In *Redd* v. *Supervisors of Henry County*, 31 Gratt. (72 Va.) 695, the determinative question was the right of a citizen and taxpayer to file his bill in equity to enjoin the board of supervisors from issuing bonds for the payment of the county subscription to the stock of a railway company. In delivering the opinion of the court, Judge Burks, Sr., said, "The jurisdiction of a court of equity in a case like the present, unless it has been taken away by statute, is too well established to admit of dispute." Citing *Bull, etc.* v. *Read, etc.,* 13 Gratt. (54 Va.) 78, and *Goddin* v. *Crump,* 8 Leigh (35 Va.) 120. See also, *Campbell* v. *Bryant,* 104 Va. 509, 52 S. E. 638; *Eggborn* v. *Culpeper County,* 109 Va. 94, 63 S. E. 424; *Ennis* v. *Town of Herndon,* 168 Va. 539, 191 S. E. 685; 20 Corpus Juris, p. 216.

In *Crampton* v. *Zabriskie,* 101 U. S. 601, 609, 25 L. Ed. 1070, this is said:

"Of the right of resident taxpayers to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of the county or the illegal creation of a

debt which they in common with other property holders of the county may otherwise be compelled to pay, there is at this day no serious question. The right has been recognized by the state courts in numerous cases; and from the nature of the powers exercised by municipal corporations, the great danger of their abuse and the necessity of prompt action to prevent irremediable injuries, it would seem eminently proper for courts of equity to interfere."

In the recent case of *Cundiff* v. *Jeter,* decided April 17, 1939, 172 Va. 470, 2 S. E. (2d) 436, 439, the distinction between a case involving property rights and a bill filed to contest an election is clearly drawn.

In re-affirming the doctrine announced in the *Sanders Case, supra,* that there is no inherent power in equity to review elections of an exclusively political character, this court, in the opinion delivered by Mr. Justice Hudgins, said: "However, if an illegal election affects property rights as well as rights of a political nature, equity will interfere; * * * "

There is no conflict in the holding of this court in the *Redd Case, supra,* and the *Sanders Case, supra.*

Whenever a citizen and taxpayer is confronted with the proposition that an illegal election for the issuance of bonds has been held and the issuance of the bonds will result in the imposition of an illegal tax burden upon him, he has the right of election to proceed either in equity to enjoin the issuance of the bonds as was done in the *Redd Case,* or to proceed by filing a petition in the pending matter, as was done in the *Sanders Case.*

The first assignment of error is well founded and the holding of the chancellor constitutes reversible error.

The question raised in this case as to the legality of the bond issue election held in the town of Galax on the 30th day of August, 1938, is controlled by the opinion of the court in *Vaughan* v. *Town of Galax,* this day handed down, post, page 335, 4 S. E. (2d) 386. It was there held that for the reasons stated the election was null and void and no bonds should be issued thereunder.

Having reached the conclusion that the election was null and .void, all other questions raised herein become moot questions and will not be considered.

The decree of the lower court will be reversed and the cause remanded with the direction that the lower court reinstate the bill of complaint, and in conformity with the conclusion of this court, enter a decree adjudging that the election held on the 30th day of August, 1938, in the town of Galax, was null and void.

*Reversed and remanded.*