# 𝕾taunton

TAYLOR G. VAUGHAN, ET ALS. V. TOWN OF GALAX.

September 13, 1939.

Record No. 2128.

Present, All the Justices.

The opinion states the case.

*Stuart B. Campbell,* for the plaintiffs in error.

*Jack M. Matthews, H. P. Burnett* and *Horace Sutherland,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiffs in error, Taylor G. Vaughan and forty-six others, are resident voters, landowners and taxpayers of the town of Galax, an incorporated community lying in the counties of Carroll and Grayson.

On August 9, 1938, the town council passed an ordinance providing for the issuance of bonds in the sum of $158,000, for the purpose of erecting an electric generating plant and a distributing and lighting system for the town. Following the passage of this ordinance and pursuant to Code, section 3082, as amended by Acts 1922, ch. 294, the town, by counsel, presented its joint petition to the Circuit Court of Carroll county and the Circuit Court of Grayson county, praying that an election be called for the purpose of ascertaining the will of the qualified voters on the question of the issuance of the bonds pursuant to the provisions of the ordinance. The concluding prayer of the petition reads thus:

"Your petitioner therefore prays that upon consideration of this petition and the exhibits filed therewith, that this Honorable Court will enter orders directing the election officials for the Town of Galax to take such steps and prepare such means as may be necessary to submit to the qualified voters of the said Town, for their determination the question of whether the said bonds, as provided in said ordinance, shall be issued; that this Honorable Court will fix the date for said special election and order the Electoral Boards of Carroll and Grayson Counties to forthwith print at the expense of said Town proper ballots to be voted at such election, and will set out in said orders the form of such ballots, and how same shall be marked, and how the choice of the person voting shall be determined; that this Court in said orders will direct the Electoral Board, or Boards,

within what time they shall deliver the ballots to the proper Judges of the election, and will order that a copy of this order attested by the Clerk of the proper courts to be published, together with a copy of said ordinance, duly certified on the .... day of .............., 1938, in the Galax Post Herald, and that a copy of this order attested by the Clerk of the Courts, together with a copy of said ordinance, duly certified be posted at the front door of the Town Hall of Galax, Virginia, as provided by law, and that a copy of this order be served upon each member of the Electoral Boards of Carroll and Grayson Counties at least ten days before the date of said election; that this Court will sign said order and direct same to be entered in the Clerk's office of Carroll County and in the Clerk's office of Grayson County, Virginia; and will grant such further relief, both general and special, as the nature of its case may demand, or as to equity may seem meet."

The Honorable John S. Draper, judge of the Circuit Courts of Carroll and Grayson counties, being of opinion that he should not sit in the case, Honorable Walter H. Robertson, judge of the Twenty-third Judical Circuit, was designated, pursuant to section 5898 of the Code, as amended by Acts 1936, ch. 253, to sit in his stead.

On August 13, 1938, an order was entered by the judge of the Circuit Court of Carroll county directing that the question of the bond issue be submitted to the qualified voters of the town of Galax on the 30th day of August, 1938. On the same day an order, couched in identical language, was entered by Judge Robertson, presiding over the Circuit Court of Grayson county. In response to the concluding prayer of the petition filed by counsel for the town, both orders contained this language:

"Upon consideration whereof, by virtue of the provisions of said ordinance, the Constitution and the Statutes of the Commonwealth of Virginia, in such cases made and provided, it is hereby Adjudged, Ordered and Decreed that the election officials for the Town of Galax be and they are hereby directed to take such steps and prepare such means

as may be necessary to submit to the qualified voters of the Town of Galax at an election to be held in said Town on the 30th day of August, 1938, as provided by law, for determining the question whether the said bonds as provided in said ordinance shall be issued.

"And it is further Ordered that the Electoral Boards of Carroll and Grayson Counties shall forthwith have printed at the expense of said Town, proper ballots to be voted at such election, * * * ."

A purported election was held on August 30, 1938, and resulted in 381 votes being cast in favor of the bond issue and 370 votes against it. This result was duly certified by the proper authorities to the town council of Galax and to the Circuit Court of Carroll county. There was no certification whatever to the Circuit Court of Grayson county.

Upon the presentation of the certificate of the election to the Circuit Court of Carroll county, plaintiffs in error asked leave to file their petition in which it was alleged that as taxpayers and citizens of the town of Galax they were interested in the contemplated issuance of the bonds provided for by the ordinance of the town; that they objected to the issuance of the bonds on the ground that the alleged election held for the purpose of determining the will of the qualified voters was illegal and void; that, as taxpayers, their property rights were involved and they were entitled to challenge the legality of the alleged election.

The main ground relied upon affecting the legality of the alleged election was that the election was not held in compliance with the orders of the court. Counsel for the defendant in error objected to the filing of the petition and the court refused to permit the petition to be filed.

As we comprehend the issue presented by the record, it does not involve the question of an election contest, but does present the question as to the right of a citizen, a taxpayer and a voter to challenge the result of an election for the issuance of bonds, which, if void, places upon his property a tax burden unwarranted by law.

Plaintiffs in error presented the petition to the lower court and asked that it be filed in conformity with the holding of this court in *Sanders* v. *County School Board,* 158 Va. 303, 307, 163 S. E. 394. The facts set forth in the opinion in that case are:

"The county school board of Prince William county presented its petition to the circuit court of that county, praying that the court order the proper officials to hold an election in Gainesville district, for the purpose of taking the sense of the qualified voters on the question of issuing bonds, not to exceed the sum of $40,000, the proceeds to be used in erecting, building and furnishing, or equipping, an additional school building in the town of Haymarket, and for improvements to the colored school at or near the village of Thoroughfare.

"The court, on February 7, 1930, entered an order fixing March 28th as the date for holding the special election, and directing that notice of the election be published. The report of the commissioners of election showed the result to be a majority of twenty-two in favor of the bond issue, out of a total vote of 394.

"When the school board, at the next term following the election, moved the court to enter an order authorizing it and the board of supervisors to proceed with the issue of bonds, F. H. Sanders and others, claiming to be qualified voters of said district, objected on the ground that the said 'election was illegally called, was called for an illegal purpose, and was illegally conducted.' This objection was overruled and the order was entered, but on motion to set aside this order on the same grounds, the case was continued, with the right to any party in interest to offer testimony in support of, or in opposition to, the motion. This order is referred to as the order of April 15, 1930.

"At the June term of court, the case was submitted to the judge in vacation, who on July 7th entered a final order, overruling the motion and sustaining the former ruling, in the following language: 'That the said order entered on

April 15, 1930, directing the board of supervisors and the county school board of said county to proceed to carry out the wishes of the voters stand in full force and effect as entered, to which action of the court the said F. H. Sanders and others, by counsel, excepted.'

"F. H. Sanders and a number of other citizens on April 5, 1930, filed a petition in the clerk's office, and on the same day caused copies of the same to be served upon the chairman of the county school board and the chairman of the board of supervisors. The object of this petition was to contest the election of March 28th on various grounds. The county school board and numerous other citizens moved to dismiss, demurred, and filed an answer to this petition. On July 7th a separate order was entered dismissing the petition. F. H. Sanders and others are here complaining of both the final orders above mentioned."

■■ In holding that a taxpayer or qualified voter has a right to become a party to the proceedings relative to a bond issue, this court, speaking through Mr. Justice Hudgins, said:

"Proceedings to call an election to ascertain the wishes of the qualified voters of a county on the question of a bond issue for the erection of public buildings are purely statutory and are *ex parte*, but any tax-payer or qualified voter has a right to become a party to the proceedings and show, if he can, that the proceedings are not in conformity with the statute."

The principle enunciated in this case has been re-affirmed in *Ennis* v. *Town of Herndon*, 168 Va. 539, 543, 191 S. E. 685, and in *Cundiff* v. *Jeter*, 172 Va. 470, 2 S. E. (2d) 436.

■ It follows, therefore, that the assignment of error that the court erred in refusing to allow plaintiffs in error to become parties to the proceedings is well founded.

The next assignment of error is based upon the allegation of the petition "that the election was not held in accordance with the orders of the court in that the electoral board of

Carroll county alone conducted the election, whereas the order of the court directed both electoral boards to act."

In the brief of defendant in error this is said:

"Defendant in Error admits that after the order of August 13th, no other proceedings were held in Grayson county, and that the Electoral Board of Carroll County alone acted, but it is earnestly submitted that this action was in compliance with the statutes of the State of Virginia in such cases made and provided, and that it was absolutely unnecessary to have the Electoral Boards of both Carroll and Grayson Counties act."

In order to escape the effect of an admitted violation of the orders entered by the courts of Carroll and Grayson counties, counsel for defendant in error contends that inasmuch as the greater part of Galax is situated in Carroll county, all requirements of the statutes relating to bond issue elections have been complied with, due to the fact that the election was held by officials appointed by the electoral board of Carroll county pursuant to the provisions of section 2995, as amended by Acts 1924, ch. 421, which reads in part:

"The electoral board of the county within which such town or the greater part thereof is situated, shall, not less than fifteen days before any town election therein, appoint one registrar and three judges of election for each voting precinct, which judges shall also act as commissioners of election."

Whether or not the greater part of the town of Galax is situated in Carroll county, as contended by defendant in error and controverted by plaintiffs in error, is not shown by the record. That being the situation, can the court take judicial notice of the fact—if it be a fact—that the greater portion of the town of Galax is situated in Carroll county? We are of opinion that this court will not take judicial notice of a fact which has to be established by extrinsic evidence.

The rule relative to facts of which the court will take judicial notice is well stated by Judge Burks in *Redd* v.

*Supervisors of Henry County,* 31 Gratt. (72 Va.) 695, 709. There we read:

"There are many facts of which courts will take judicial notice, and they are specified in the approved elementary works on evidence. 1 Greenleaf's Ev. section 6 and notes; 1 Phillips' Ev. 619, 620 (marg. pp.) and notes. Among other things they will take notice, without proof, of the public laws of the state; of the sittings of the legislature, and its established and usual course of proceeding; the privileges of its members, but not the transactions on its journals; of historical facts, and generally, it is said, of whatever ought to be generally known within the limits of their jurisdiction. * * * .

"Chief Justice Marshall, in a case where one of the questions was whether the court would take judicial notice of a pardon, observed that 'it is a constituent part of the judicial system that the judge sees only with judicial eyes, and knows nothing respecting any particular case of which he is not informed judicially. A private deed not communicated to him, whatever may be its character, whether a pardon or a release is totally unknown and cannot be acted on. The looseness which would be introduced into judicial proceedings would prove fatal to the great principles of justice if the judge might notice and act upon facts not brought regularly into the cause. Such a proceeding, in ordinary cases, would subvert the best established principles, and overturn those rules which have been settled by the wisdom of ages.' *United States* v. *Wilson,* 7 Pet. 150, 161 [8 L. Ed. 640]."

It is conceded that in order to hold a valid election for the issuance of municipal bonds, the election therefor must be held pursuant to the provisions of chapter 122 of the Code.

The record clearly demonstrates that in the inception of the matter it was the opinion of counsel for defendant in error that both the court of Carroll county and the court of Grayson county should enter an order in conformity with sections 3082 and 3083 of the Code.

Section 3082 sets forth the action to be taken by the council in regard to the passage of the ordinance seeking an election, and then provides: "After adoption of such ordinance, a certified copy thereof shall be forthwith presented to the corporation or circuit court having jurisdiction over such * * * town, or the judge thereof in vacation."

Section 3083 reads as follows:

"Said court or judge, on the receipt of the said certified copy of such ordinance shall, by an order entered in term time or vacation, direct the proper election officers of such municipality to take such steps and prepare such means as may be necessary to submit to the qualified voters of such municipality, either at the next succeeding general election, or at a special election, for determining the question of whether such bonds shall be issued, and the court or judge shall make such order as may be proper to give due publicity to such election."

The prayer of the petitions presented to the courts of Carroll and Grayson was that both courts should enter the proper orders. Both courts did enter an order, as heretofore set forth, directing how the election should be held. It must be conceded that a valid election could only be held pursuant to the direction of the court or courts having jurisdiction over the municipality.

In our opinion, the record as presented discloses that the court of Carroll and the court of Grayson had such jurisdiction, and the election was not held under any warrant of law. If the election under investigation could be legally held contrary to the direction of the court or courts having jurisdiction of the matter, then the application to the courts of Carroll and Grayson counties to order the election was an idle gesture. Since the orders of the courts were abrogated without legal sanction, all proceedings subsequent thereto are void.

This conclusion is decisive of the case and renders unnecessary any further discussion thereof.

The judgment of the lower court is reversed and the case remanded with directions that the lower court permit plain-

tiffs in error to file their petition, and in conformity with the conclusion of this court, enter an order adjudging that the election held on the 30th day of August, 1938, in the town of Galax, was null and void.

*Reversed and remanded.*