## CIRCUIT COURT OF FAIRFAX COUNTY

Krish Karunakarum et al.

v.

Town of Herndon
and Fairfax County

February 10, 2006

Case No. (Chancery) 2005-4013

BY JUDGE KATHLEEN H. MACKAY

This matter came before the Court on Complainants' Amended Bill of Complaint for Declaratory and Injunctive Relief, the Demurrer filed by the Town of Herndon, and the Demurrer and Plea in Bar filed by Fairfax County.

The motions were argued before the Court on December 16, 2005, and, in the intervening two months, the Court has been able to sort out some of the legal issues, but not all. The following reflects both my conclusions as to how I think the law applies as well as questions I think still remain to be addressed.

At the outset, let me state, that this is not a zoning or land use case. This is a case in which tax payers are alleging that the Town and County are committing an alleged illegal act by virtue of creating and operating a "Temporary Regulated Day Worker Assembly and Hiring Site." (Am. Bill of Complaint, ¶ 15.) The Town of Herndon is providing the physical plant for the Day Laborer site as well as funds to operate the site. The County is providing additional monies to fund the site. (Am. Bill of Complaint, ¶¶ 16, 29-30.) The Amended Bill of Complaint alleges that the Herndon Town Council "reasonably knew that the Day Laborer Site would be used to assist persons not legally present or authorized to work in the United States" (Am. Bill of Complaint ¶ 25) and that the site "is intended to assist undocumented workers, i.e., immigrants who entered the United States and reside in the United States in violation of the laws of the United States." (Am. Bill of Complaint ¶ 23.)

Workers will be provided with a variety of employment services at the site, but workers will not be screened to determine their status in the United States. (Am. Bill of Complaint ¶¶ 21, 28.)

The Bill of Complaint alleges that the Town and County intended to benefit illegal aliens. I am obliged to take the pleadings as they are for purposes of demurrer. However, one could conceive of a trial centering around this issue of intent, that is, are the alleged failings of the Town and County acts of commission or omission? Without screening, it would be impossible to determine whether workers were documented or not.

Complainants argue in Count I that the expenditure of taxpayer funds and taxpayer-financed resources contravenes 8 U.S.C. § 1324a(a)(1)(A); 8 U.S.C. § 1324(a)(1)(B)(i); 8 U.S.C. § 1324(a)(1)(A)(iv); 8 U.S.C. § 1324(a)(1)(A)(v)(II); 18 U.S.C. § 2; and 8 U.S.C. § 1621. (Am. Bill of Complaint ¶ 44.)

Complainants argue in Count II that the expenditure of taxpayer funds and taxpayer-financed resources is in violation of both Virginia Code § 63.2-503.1(A) and Virginia Code § 63.2-503.1(B). (Am. Bill of Complaint ¶ 47.)

Complainants argue in Count IV that, in providing financing and resources to the Day Laborer Site, the Town has acted in contravention of federal law, Virginia law, and local ordinances, including 8 U.S.C. § 1324a(a)(1)(A); 8 U.S.C. § 1324(a)(1)(B)(i); 8 U.S.C. § 1324(a)(1)(A)(iv); 8 U.S.C. § 1324(a)(1)(A)(v)(II); 18 U.S.C. § 371; 18 U.S.C. § 2; 8 U.S.C. § 1621; Virginia Code § 63.2-503.1; and Town of Herndon Zoning Ordinance § 78-107(11). (Am. Bill of Complaint ¶¶ 54-55.)

It is important to note that Complainants are not seeking redress under the federal statutes recited above, but instead bring their claim under Virginia Code § 1-248. Virginia Code § 1-248 states "The Constitution and laws of the United States and of the Commonwealth shall be supreme. Any ordinance, resolution, bylaw, rule, regulation, or order of any governing body or any corporation, board, or number of persons shall not be inconsistent with the Constitution and laws of the United States or of the Commonwealth." (Am. Bill of Complaint ¶ 34.) In this case, the Complainants are seeking a declaration that the Town and County have acted in a manner inconsistent with state and federal law, thereby violating Virginia Code § 1-248. They are not acting as would-be attorneys general; rather, they are using the statutes in question as a reference point to define the allegations of which they complain.

The Complainants have standing to make these claims. Although the Federal government and the Commonwealth impose strict restrictions on who may bring a taxpayer suit challenging the expenditure of public funds; these

requirements are significantly weakened in the context of a local-government oriented taxpayer suit. *See Goldman v. Landsidle, Comptroller*, 262 Va. 364, 372, 552 S.E.2d 67 (2001). In fact, "the right of taxpayers to challenge the legality of expenditures by local governments is a right permitted in almost every state. This right is premised on the peculiar relationship of the taxpayer to the local government that makes the taxpayer's interest in the application of municipal revenues 'direct and immediate'." *Id.*

In reaching this determination in *Goldman*, Justice Keenan relies on a long history of cases establishing taxpayer standing to challenge a locality's allegedly inappropriate use of taxpayer funds and resources in excess of its powers.[1] This line of cases begins with *Appalachian Electric Power Co. v. Town of Galax*, which was decided in 1939 and granted taxpayers standing to proceed in equity to enjoin the issuance of allegedly illegal bonds. *Appalachian Electric Power Co. v. Town of Galax*, 173 Va. 329, 333, 4 S.E.2d 390 (1939). *Gordon v. Board of Supervisors of Fairfax County* built on this premise by allowing taxpayers standing to prevent the creation of an illegal tax burden to fund an airport authority. *Gordon v. Board of Supervisors of Fairfax County*, 207 Va. 827, 830-31, 153 S.E.2d 270 (1967). This was soon followed by *Armstrong v. County of Henrico*, which echoed *Gordon*'s holding when concluding taxpayers have standing to attack the alleged illegal diversion of public funds to finance sanitary district expenditures. *Armstrong v. County of Henrico*, 212 Va. 66, 76, 182 S.E.2d 35 (1971). Finally, Justice Keenan also relies on *Burk v. Porter*, which allowed taxpayers the right to seek equity in an accounting and reimbursement of expenditures. *Burk v. Porter*, 222 Va. 795, 798, 284 S.E.2d 602 (1981).

Based upon this precedent, the Defendants' argument that the Complainants lack the requisite standing to bring this suit for declaratory judgment must fail. More specifically, standing in this case arises from Complainants' direct and immediate interest in the use of Town and County taxpayer funds and resources to support the Day Laborer Site.

With regard to the allegations in Count II, the County has filed a Plea in Bar alleging that funds provided to the site flow through Subtitle I of Va. Code Title 63.2, rather than Subtitle II of Va. Code Title 63.2. Assuming the

---

[1] Justice Keenan also authored the Supreme Court's opinion in *Concerned Taxpayers of Brunswick County v. County of Brunswick*, 249 Va. 320, 455 S.E.2d 712 (1995). Thus, Justice Keenan is familiar with the difference between the standing necessary to challenge a zoning decision and that required to raise allegations that a locality is using funds inappropriately.

correctness of the County's analysis of the Code Titles, including the legislative history behind Va. Code § 63.2-503.1, this matter is primarily a question of budgetary process, it seems to me, and should be set down for a hearing on that issue as set out in the Plea in Bar. Since the alleged offense is an ongoing one, it seems to the Court to make little difference that the statute in question was not effective until January 2006, three months after the filing of the suit.

With reference to Count III, Complainants have asserted that by providing funding and resources to the Day Laborer Site, the County and Town have acted in violation of the Dillon Rule. The Dillon Rule "provides that municipal corporations possess and can exercise three kinds of powers: (a) those expressly granted by the General Assembly; (b) those necessarily or fairly implied; and (c) those that are essential and indispensable." *Norton v. Danville*, 268 Va. 402, 408, n. 3, 602 S.E.2d 126 (2004). The Town and County's demurrers are sustained as to this count for the reasons set forth in their briefs. The Complainants are not granted leave to amend their Bill of Complaint as to this count, the issue being discrete and related to the authority of local governments generally.

With regard to the allegations in Count I and Count IV, for the purposes of a demurrer, do the actions described in the Bill of Complaint, for instance, paragraphs 22 through 30, violate the cited federal, state, and local ordinances as a matter of law? This issue has not been addressed by the pleadings in anything but a cursory form. Now that some issues have been addressed by the court, I am asking the Defendants to address this question more fully. I presume that the Defendants think that this is still an open question on demurrer.