# CIRCUIT COURT OF RAPPAHANNOCK COUNTY

David L. Konick

    v.

Town of Washington,
Patrick O'Connell,
and the Inn at LW, L.L.C.

May 18, 2015

Case No. 15-43

By Judge Jeffrey W. Parker

This matter comes before the Court on demurrer filed by Defendants, Town of Washington ("Town"), Patrick O'Connell, and the Inn at LW, L.L.C. ("The Inn") to the Complaint for Declaratory and Injunctive Relief filed by David L. Konick.

The issues were briefed, argued, and taken under advisement. For reasons set forth herein the demurrer will be sustained.

*Statement of the Case*

A demurrer admits all facts contained in the pleading as well as facts reasonably and fairly inferred. *Squire v. Virginia Housing Devel. Auth.*, 287 Va. 507, 514, 758 S.E.2d 55 (2014).

The Plaintiff Konick, files this action as a "citizen of the Commonwealth of Virginia, and a resident and taxpayer of Rappahannock County." (Comp., para. 1.) Significantly, he is not a resident of the Town of Washington nor a property taxpayer of that jurisdiction.

Konick asserts in his three-count pleading that the Town, the Inn, and a non-party, the Trinity Episcopal Church, entered into a "scheme" whereby the Inn would receive $20,000 and conveyance of a public right of way in exchange for the Inn's performing a "Town Square Beautification Project" on property directly across from and abutting the Inn.

The Complaint further alleges that O'Connell, someone with a "personal interest" in the Inn and a member of the Town Council received a benefit from the "scheme." The alleged scheme consisted of oral agreements between the parties and a written agreement between the Inn and the Trinity Church regarding the use and improvements to the Church parking lot.

Money was to be paid to the Inn ("a kickback") by the Church along with an appropriation by the Town Council to fund the project after advertisement as required by law. The so-called scheme also included conveyance of a portion of the Town street to the Inn, also approved after a public hearing.

Count I of the Complaint alleges a violation of the Virginia Conflict of Interest Act ("COIA") §§ 2.2-3100 *et seq.* and a violation of the Virginia Public Procurement Act ("VPPA") §§ 2.2-4368, 2.2-4377. Count II alleges a violation of Va. Code § 15.2-953, which deals with donations to charitable institutions. Count III alleges violation of a number of the Virginia Code sections addressing local legislation procedures pursuant to Va. Code § 15.2-2006, § 15.2-2008, and § 15.2-2100(A) *et seq.*

The demurrer addresses the issue of standing on all three Counts, and will each be addressed as they apply to the demurrer.

## *Discussion*

Konick identifies a number of facts as to all Counts which he believes supports his assertion of standing. First, he alleges that he uses the road ways in the Town to access his mail and the Courts where he makes his living as a lawyer. He claims only a brief inconvenience resulting from this project and not a denial of access to the Courts or the Post Office. Second, he claims taxpayer status because he pays a meals and lodging tax, the Town's primary source of revenue. He does not set forth when and where he has dined or lodged in the Town in support of this claim. Further, he conceded in oral argument that he did not directly pay the bill, but that the business paid it after assessing him a charge.

He also says he is a tenant, as he leases a post office box in town. But obviously he does not reside in the box or at the post office.

As to Count II, he claims he is entitled to a relaxed application of standing principles, as this "scheme" implicates the Establishment Clause of the U.S. and Virginia Constitutions by the local government and freedom of religion compels a strict application of the separation of Church and State. This is despite the fact that the Trinity Church is not a party to the suit nor did it receive any money or property directly from the Town. Further, Count II, as drafted, is not based on a violation of the Establishment Clause to the Constitution or a violation of the Virginia Statute for Religious Freedom, but on a statutory limitation on donations to sectarian charities or non-profit charities controlled by churches. Va. Code § 15.2-953.

All parties cite *Goldman v. Landsidle*, 262 Va. 364, 552 S.E.2d 67 (2001), as providing guidance in this case. *Landsidle* discussed the necessity of a

party seeking relief (in that case mandamus), to have a direct interest in the proceedings different from the public at large. "The purpose of requiring standing is to make certain that a party who asserts a particular position has the legal right to do so and that his rights will be affected by the disposition of the case." *Id.* at 371.

The Plaintiff cites *Appalachian Power Co. v. Town of Galax*, 173 Va. 329, 4 S.E.2d 390 (1939), as authority for his claim of standing. In that case a taxpayer sought to enjoin an alleged illegal issuance of revenue bonds when that issuance would result in the imposition of an illegal tax. *Id.* at 335.

The limited line of cases represented by *Town of Galax* giving local taxpayers standing to sue their local government does not provide assistance to the Plaintiff in this case. *E.g. Burk v. Porter*, 222 Va. 795, 284 S.E.2d 602 (1981); *Armstrong v. Henrico County*, 212 Va. 66, 182 S.E.2d 35 (1971). There are no allegations in the case at bar that any of the actions of the Town would have any quantifiable financial impact on Konick. "Inconvenience" is the only damage that is alleged. (Comp. Para. 12.) Merely being a "person" as set forth in Va. Code § 2.2-3126(B) is something shared by everyone and is not "direct or immediate" enough to confer standing.

Additionally, reduced or changed physical access does not confer standing.

A person has no permanent right to access across a public right of way merely because it is public, as explained in the eminent domain case of *State Highway & Trans. Comm'r v. Dennison*, 231 Va. 239, 343 S.E.2d 324 (1986). An individual has no right (for damages or otherwise) to a public road access when the State, in the exercise of its police powers, reasonably regulates the flow of traffic on the highway. *Id.* at 245. Konick simply needs to access his Post Office Box by another route.

The Plaintiff attempts to distinguish himself from any casual sojourner who might happen to stop in town for a cup of coffee (hence a "taxpayer") by pointing out his residency in the County in which the Town is situated. However, no material connection between the Plaintiff's residency in the County of Rappahannock and this project has been pleaded. There is nothing contained in the pleading which would bestow any type of justifiable interest in the Plaintiff.

## A. *Count I*

In addition to the standing issue, which is fatal to all Counts, the Inn and O'Connell argue that Count I, pursuant to § 2.2-3120 (Conflict of Interest Act) requires a "knowing violation." This Code Section was not specifically pleaded by the Plaintiff and does not need to be addressed. A reference was made to "Va. Code § 2.2-3100 *et seq.*" (Paragraph 34) in the Complaint, but this is too vague and broad for pleading purposes.

Similarly, under Count II, O'Connell and the Inn assert that the VPPA (Virginia Public Procurement Act) does not apply, as Konick was not a bidder or contractor on the project. See Va. Code §§ 2.2-4360, 2.2-4364. Again, while similar issues were argued, these specific Code sections were not pleaded, factually or legally, and will not be addressed.

The Inn and O'Connell reference in their demurrer § 2.2-3123 dealing with rescission. A single contract between the Town and the Inn was not identified as such nor were the elements of rescission identified as required by Va. Code §§ 2.2-3103, 2.2-3106. The Plaintiff is seeking declaratory relief and not rescission.

## B. *Count II*

The Inn and O'Connell argue that there is no violation of the doctrine of separation of Church and State. As the Court pointed out earlier, the Complaint did not plead this issue; it was only addressed in argument and briefs, nor has the Complaint been amended. Plaintiff's Supplemental Memorandum of Points and Authorities passionately set forth the law on this subject, but, by the Plaintiff's own pleading, the Church is not listed as a party nor was it a necessary party, as the Inn *alone* agreed to perform the project "at the Church and upon its own property *anyway...*." Comp. P. 18 (emphasis added).

There was no written contract between the Town and the Church. (Comp. P. 18.) The Inn had previously intended to perform the beautification project regardless of the actions of the Town Council. There is no connection in the pleading between the actions of the Town and the role of the Church other than innuendo.

Pleadings must set forth facts, not suspicious allegations in quotation marks. Va. Sup. Ct. Rule 1:4(d). Claims of "schemes" and "donations" meant to imply improper activities are not enough to set forth a cause of action. A complaint must contain sufficient allegations of material facts. *Preferred Systems Solutions v. GP Consulting*, 284 Va. 382, 407, 732 S.E.2d 676 (2012). Count II fails to set forth these material facts.

## C. *Count III*

In Count III, the Plaintiff alleges that the Town's failure to comply with various technical requirements of the Virginia Code renders vacation of the right of way and subsequent conveyance of that parcel to the Inn null and void.

The Complaint sets forth alleged violations of procedural formalities including a failure of the Town to petition the Commonwealth of Virginia Transportation Board for permission to abandon the roadway pursuant to Va. Code § 33.2-908. Again, the issue of standing presents itself, which is

fatal to this argument. However, if standing was not dispositive here, the Court would overrule the demurrer on this issue.

Secondly, the Plaintiff identified a certain technical failure to comply strictly with Va. Code § 15.2-2006 regarding the vacation of the right of way. The Court has previously identified standing as fatal to this case; however, were standing not dispositive, the demurrer would be overruled, as the Plaintiff has identified sufficient procedural irregularities in the process to allow the matter to proceed. However, standing is so essential that, without that issue being satisfactorily addressed, the remaining issues cannot be placed in context.

As Plaintiff argues, the requirement of *actual* injury "tends to assure that the legal questions presented to the Court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context....". Plaintiff's Supplemental Brief, page 11, citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982).

As set forth above, the demurrer will be sustained. Although based upon the pleadings, it is unclear how the Plaintiff would be capable of remedying the defects in the pleading, nevertheless, Mr. Konick will be given twenty-one days from the date of this letter to file an Amended Pleading if he so desires. The case will not be dismissed until the remaining issues are addressed.