JOHN A. REED, Appellant, v. F. M. CUNNINGHAM and ELLIS E. SLUSS.

**Recovery of public funds:** SUIT BY CITIZEN: DEMAND THAT OFFICIAL SUE. A citizen and taxpayer cannot maintain a suit to recover funds of a city alleged to have been misappropriated, without first demanding of the proper officers that suit be brought, or a showing that such demand would have been unavailing.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

TUESDAY, JANUARY 10, 1905.

ACTION by plaintiff, as a citizen and taxpayer of Cedar Rapids, to recover moneys alleged to have been illegally paid to the defendants by the county treasurer of Linn county for services in discovering property omitted from the assessment rolls. The petition was dismissed, and plaintiff appeals.— *Affirmed.*

*E. C. Barber,* for appellant.

*F. L. Anderson,* for appellees.

LADD, J.—The gravamen of the charge is that the county treasurer, in virtue of a resolution by the city council of Cedar Rapids, approving a previous arrangement of certain members of its finance committee, paid to defendants thirty per cent. of the taxes collected on property found by them to have been omitted from the tax lists for services as rendered.    That a citizen and taxpayer of a municipality has such an interest in its funds that he may maintain an action in a proper case is not questioned.    See *Heath v. Albrook,* 123 Iowa, 559.    Before this may be done, however, the appropriate officers of the municipality must be requested to act.    This is the rule with respect to suits by a stockholder in behalf of a private corporation (*Dillon v. Lee,* 110 Iowa, 156), unless the circumstances are such as to indicate affirmatively that a demand would have been unavailing (*Schoening v. Schwenk,* 112 Iowa, 733).    And there is even stronger ground for exacting a similar request of the governing body of a public corporation and a showing of neglect or refusal as a condition precedent to the institution of suit by a taxpayer for the recovery of money illegally diverted from its treasury.    Public officers are always presumed, in the absence of any showing to the contrary, to be ready and willing to perform their duty; and until it is made to appear that they have refused to do so, or have neglected to act under circumstances rendering this equivalent to a refusal, there is no occasion for the intervention of the citizen for the protection of himself and others similarly situated.    Indeed, such refusal or neglect is the very basis on which equity will take jurisdiction; for otherwise the taxpayer whose interest is indirect would be utterly without remedy.    But for the right to invoke the aid of a court of equity officers might plunder the public treasury with entire immunity so long as they, or others for them, continue in control of the governing body.    See *People v. Ingersoll,* 58 N. Y. 1 (17 Am. Rep. 178).    The cause of action belongs to the corporation, but is enforceable, rather than that justice shall utterly

fail, by the remedy in equity at the suit of its members. Those primarily charged with the enforcement of corporate rights, however, are not to be interfered with, save in cases where, because of unjustifiable neglect or failure to act, such a course appears necessary for the protection of the rights of the taxpayer. *Land, Log & Lumber Co. v. McIntyre,* 100 Wis., 245 (75 N. W. Rep. 964; 69 Am. St. Rep. 915); *Zuelly v. Casper,* 160 Ind. 455 (67 N. E. Rep. 103; 63 L. R. A. 133). The petition contains no averment, nor the record of any evidence of demand that action be prosecuted by the city, or circumstances obviating the necessity thereof, and for this reason relief was rightly denied.— *Affirmed.*