# Richmond

J. FRANK SAUER V. EUGENE A. MONROE.

November 21, 1938.

Record No. 1975.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*Victor P. Wilson,* for the plaintiff in error.

*Montague & Holt* and *H. Clark Thompson,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

This case originated in a motion for judgment by J. Frank Sauer, "who sues at the relation of and for the city of Hampton, a municipal corporation, and all other taxpayers who may come in and contribute to the costs of this suit." He seeks to recover from Eugene A. Monroe, a member of the city council, $340.24, paid by the city to the Monroe Transfer & Storage Company, for services by it at different times rendered the city. It is charged that Monroe is one of the joint owners of this transfer company,

and that for this reason payment or payments made to it are unlawful. Code, section 2708.

For the defendant two demurrers were filed and a plea of the general issue. In demurrer No. 1, it is contended that the plaintiff has no right to sue, and in demurrer No. 2, it is contended that the Monroe Transfer & Storage Company is a public service corporation, authorized by law to perform those services which are charged to be illegal.

Proceedings were quite informal. On motion of the defendant, demurrer No. 2 was first taken under consideration. It was dealt with as a plea and not as a demurrer. The judge, without the intervention of a jury, proceeded upon facts agreed and upon evidence taken in open court to determine the nature of this company, and then sustained this pleading and the issue made by it as on demurrer.

■■ Demurrer No. 1 was never passed upon by the court. Ordinarily a failure to pass upon a demurrer is, in substance, to overrule it. *Godwin* v. *Board of Supervisors,* 161 Va. 494, 171 S. E. 521. But it abundantly appears from the record that the court did not intend to overrule demurrer No. 1, and that the defendant did not abandon it. The idea apparently was that final judgment would follow if the second demurrer was sustained; and that is true, provided such judgment be confirmed on appeal. But should we be of opinion to reverse that judgment, then the power of this plaintiff to sue would necessarily come under review. He could not recover in an action which he had no right to bring. It would be futile to consider upon its merits a case which should not have been considered at all.

Code, section 2708, declares that councilmen, among others, shall make no contracts with their cities during their term of office; that such contracts are void, and that the full amount stipulated for shall be forfeited to the Commonwealth.

■ A taxpayer who has suffered no special damages may not sue upon behalf of his municipality to recover money which he contends has been illegally paid out, without first requesting proper authorities to sue, or without showing

that such a request would have been unavailing. These are conditions precedent, and unless one of them is made to appear in the motion for judgment, it is demurrable.

■ "Demand before suit. There is authority, independent of any statutory provisions, for holding that 'where the primary duty of bringing an action for the benefit of a corporation rests with the corporation, an allegation of a demand upon its proper officers to bring such action and their refusal to do so is essential to a cause of action in favor of a member of such corporation, unless the complaint shows the existence of conditions rendering such demand and refusal unnecessary.' Undoubtedly this is the law where a taxpayer sues a third person on a cause of action accruing to the municipality, * * * ." McQuillin Municipal Corporations (2d Ed.), section 2766. *Reed* v. *Cunningham*, 126 Iowa 302, 101 N. W. 1055; *Burns* v. *Essling*, 154 Minn. 304, 191 N. W. 899. Demand is not necessary where it would be useless. *Beyer* v. *Town of Crandon*, 98 Wis. 306, 73 N. W. 771; *Mock* v. *City of Santa Rosa*, 126 Cal. 330, 58 P. 826; *Jones* v. *City of Centralia*, 157 Wash. 194, 289 P. 3. McQuillin Municipal Corp. (2d Ed.) sec. 2747.

To whom should this demand be addressed?

By an act approved April 7, 1877, Acts of Assembly, 1876-77, p. 310, councilmen were forbidden to contract with their cities, and it was provided that they "shall forfeit and pay to the State the full amount of money stipulated for by said contract, to be recovered by motion in the circuit court having jurisdiction over said corporation."

This statute, without changes material to the instant case, was amended and reenacted on March 2, 1878, Acts of Assembly, 1877-78, p. 194. In each instance the caption to these statutes describes it as an act to prevent officers or agents of corporations from becoming contractors with their corporations, the penalty being that they shall forfeit to the State the sum stipulated for by contract.

■ In the Code of 1887, section 823, this statute again appears but with a substantial addition, the addition being,

in substance, that no councilman "shall by contract, directly or indirectly, become the owner of or interested in any claim against such city." It was further provided that if such claim be paid, the amount paid might be recovered by the city within two years. This provision has been carried into all subsequent amendments, and it appears, as we have seen, in Code, section 2708, the headline of which section reads: "Councilmen and other city or town offiicals forbidden to have interest in contract with, or claim against, a city or town;" thus distinguishing between contracts with and claims against the city. It is true that this headline is no part of the act itself, but it does tell us what the legislature had in mind. *Chambers* v. *Higgins,* 169 Va. 345, 193 S. E. 531.

The reason for the amendment appearing in the Code of 1887 is plain. Councilmen should not be permitted to buy up, sometimes at a discount, claims against their cities represented by script or otherwise, and then levy a tax to pay an indebtedness which had become due to themselves. Just why action on contracts made by a councilman with his city should be taken by the State, while claims of third parties acquired by councilmen by assignment may be dealt with by the city, is not clear, but it is so written.

It is true that in *Bristol* v. *Dominion Nat. Bank,* 153 Va. 71, 149 S. E. 632, a suit by a city to cancel a contract in which one of its councilmen was interested was sustained. The right of the city there to sue was not challenged, and independent of any statute, it had a right to ask the court to cancel any contract which it had made and which was still in effect.

For reasons stated, demurrer No. 1 should be sustained and this action dismissed as having been improvidently brought.

*Affirmed.*