**Richmond**

NOAH J. BURK

V.

J. L. PORTER, III, ET. AL.

December 4, 1981.

Record No. 801911.

Present: All the Justices.

J. R. Tiller (Popp, Tiller & Schenker, on brief), for appellant.
James R. Hodges (John S. Bundy; White, Elliott & Bundy, on brief), for appellees.

POFF, J., delivered the opinion of the Court.

This is an appeal from an order sustaining a demurrer to a bill of complaint, styled "NOAH J. BURK v. J. L. PORTER, III [,] HAROLD MITCHELL [,] DANNY BROWN, Members of the Board of Supervisors of Russell County, Virginia". The bill prayed for an accounting and a decree "ordering the Defendants to reimburse the taxpayers of Russell County for . . . illegal expenditures" of public funds. Burk alleged that he was a resident and taxpayer of Russell County; that the defendants withdrew

County funds for the purpose of paying their expenses for "a trip from Lebanon, Virginia to San Francisco, California"; and that the withdrawal and expenditures were "unauthorized and . . . not within the scope of the Defendants' duties as members of the Board of Supervisors."

Although not named a defendant, Dr. Roy Smith, the fourth member of the Board, joined Porter, Mitchell, and Brown in a demurrer. Demurrants alleged, *inter alia,* that the bill "sues members of the Board of Supervisors in their official capacity and not as individuals" and that the bill was insufficient because Burk had not complied with the procedural requirements of Code §§ 15.1-550, -554. The chancellor sustained the demurrer on those grounds, and, as stated by both parties, the questions on appeal derive solely from the ruling on those grounds.

■ Code §§ 15.1-550 *et seq.* provide the exclusive procedure for litigating claims against a county. *Chesterfield* v. *Town & Country Apts.,* 214 Va. 587, 203 S.E.2d 117 (1974). Failure to allege compliance with these statutes is fatal to an action against a county. *Id.* at 591, 203 S.E.2d at 120. The bill of complaint contained no such allegations, and if the bill sounded against the County, the demurrer was well taken.

Necessarily underlying the chancellor's ruling is his conclusion that the County was the defendant. Assigning error to the ruling, Burk contends that his action lay against Porter, Mitchell, and Brown as individuals. We agree.

■ Inclusion of the phrase, "Members of the Board of Supervisors", in the bill's caption did not render the cause one against the County. Those words, employed parenthetically, merely served to identify and describe those named as defendants; the capacity in which named defendants are sued must be determined from the allegations of the bill. *Hanson* v. *Blake, Adm'r.,* 63 W.Va. 560, 562, 60 S.E. 589, 590 (1908). Burk asserted no claim against the County. Rather, he alleged that three of the four members of the governing body were indebted to the County, requested an accounting, and prayed for a decree ordering the defendants as individuals to pay the debt. Consequently, the provisions of Code § 15.1-554 requiring a person asserting a claim against a county to present his claim to the board of supervisors before beginning action against the county is inapplicable. The same is true of § 15.1-508 concerning service of process upon the attorney for the Commonwealth or the county attorney.

■ Under Code § 15.1-550, when the attorney for the Commonwealth or the county attorney or "any six freeholders of the county" consider a claim allowed by the board to be illegal, the attorney is required to initiate and pursue a process of administrative review and judicial appeal. Defendants contend that this statutory procedure is the exclusive remedy in such cases and that Burk's bill is defective because he did not pursue it.

> It has long been a well-established doctrine that courts of equity have jurisdiction to restrain the illegal diversion of public funds at the suit of a citizen and tax payer, when brought on behalf of himself and others similarly situated; and to compel the restitution of public funds which have been illegally diverted and lodged in the hands of persons not entitled to the same, who have taken them with notice of wrongful diversion, and the governing body of the subordinate or local government will not act or take the necessary steps to have such funds restored.*

*Johnson* v. *Black,* 103 Va. 477, 484, 49 S.E. 633, 635 (1905).

In *Johnson,* as here, taxpayers sought to compel restitution to the county treasury of public funds illegally diverted to individual members of the board of supervisors. Appealing a judgment for the taxpayers, the defendants argued that the bill in equity did not lie because § 836 of the Code of 1904, the statutory ancestor of Code § 15.1-550, afforded the taxpayers an adequate remedy at law. Rejecting that argument, this Court said:

> Courts of equity having once acquired jurisdiction never lose it because jurisdiction of the same matter is given to courts of law, unless the statute conferring such jurisdiction uses restrictive or prohibitory words.

*Id.* at 485, 49 S.E. at 635. Finding no such words, we affirmed the judgment.

Defendants ignore this language. They contend that the *Johnson* decision rested upon a finding that the statute did not afford a

---

* A demand upon the local government is not a condition precedent when "the complaint shows the existence of conditions rendering such demand and refusal unnecessary." *Sauer* v. *Monroe,* 171 Va. 421, 424, 199 S.E. 487, 488 (1938) (quoting from McQuillin, Municipal Corporations (2d Ed.), section 2766).

remedy at law. They point to the following excerpt from the opinion:

> [W]e conclude what we have to say on this subject with the remark that whatever remedy section 836 may afford as against a claim allowed by the Board of Supervisors before the same has been paid, it certainly furnishes no remedy for the recovery of moneys illegally diverted from and already paid out of the public treasury which is the object of the present suit.

*Id.* at 487, 49 S.E. at 636.

*Johnson* does not control this case, defendants argue, because the statute construed there has been amended to authorize the attorney for the Commonwealth or the county attorney to "institute proper proceedings in the circuit court" when an illegal claim against a county has been allowed by the board of supervisors and "has already been paid." *See* Revisor's Note to § 2759, Code of 1919, Annotated. This amendment, defendants say, fills "the void that this Court noted in [*Johnson*]", and since the statute now affords an adequate remedy at law, Burk's bill in equity is demurrable.

We disagree. The language in *Johnson* which defendants ignore was the *ratione decidendi, see Chesterfield* v. *Town & Country Apts.,* 214 Va. at 591, 203 S.E.2d at 120; the excerpt they cite expressly identified itself as a mere "remark". Applying the *Johnson* rule and finding no "restrictive or prohibitory words" in the amendment enacted by the General Assembly after our decision in that case, we hold that the chancellor had jurisdiction to entertain Burk's bill of complaint.

We will reverse the order sustaining defendants' demurrer and remand the cause with instructions to restore the bill to the docket for further proceedings.

*Reversed and remanded.*