## CIRCUIT COURT OF ARLINGTON COUNTY

Brian Keith Hockett

v.

Board of Supervisors of
Arlington County et al.

February 18, 1986

Case No. (Law) 26158

By JUDGE THOMAS R. MONROE

Plaintiff was injured in an automobile accident on February 14, 1984. Plaintiff was driving his vehicle when an automobile driven by Gary Mullinax, an employee of Arlington County, collided with plaintiff's vehicle.

Plaintiff first attempted to effect settlement with Karen Cornelison, Insurance Analyst with Arlington County, and later unsuccessfully pursued settlement with the office of the County Attorney. Plaintiff filed his Motion for Judgment against the Board of Supervisors and Gary Attison Mullinax on August 6, 1985.

Defendant Mullinax filed his Grounds of Defense on August 30, 1985.

Defendant, the County, filed a Demurrer and Plea in Bar to plaintiff's Motion for Judgment on October 10, 1985.

The Demurrer states that the Motion for Judgment is insufficient in law because it does not allege compliance with Virginia Code Sections 15.1-550 through 15.1-554.

The defendant, Board of Supervisors, County of Arlington, states in its Plea in Bar that the Motion for Judgment is barred because plaintiff did not comply with Virginia

Code Sections 15.1-550 through 15.1-554 and further invokes its sovereign immunity to this action in tort.

Plaintiff alleges that he has complied with the Virginia Code provisions and that the County has waived its tort immunity by carrying liability insurance and characterizing the Motion for Judgment as being in contract.

The Court having carefully considered all matters raised in oral argument, on February 14, 1986, and having reviewed the authorities submitted by both parties holds:

(1) that plaintiff has failed to comply with Virginia Code Sections 15.1-550 through 15.1-554 for asserting his claim for personal injuries and damages against defendant. Section 15.1-554 states "[N]o action shall be maintained by any person against a county upon any claim or demand until such person shall have first presented his claim to the board of supervisors of such county for allowance."

Plaintiff communicated with the County insurance analyst and the office of the County Attorney as evidenced by letters of January 11, 1985, and April 15, 1985, to Ms. Karen Cornelison and letters of June 26 and July 3 to Ara Tramblian, Assistant County Attorney. Notice and demand against defendant's employees does not constitute a waiver by the County and fails to satisfy the statutory requirement that "such person shall have first presented his claim to the board of supervisors . . ." The record is totally void of receipt of notice of a claim, consideration of or denial by the County Board and plaintiff has not alleged the same in his Motion for Judgment.

Code Sections 15.1-550 et seq. provide the exclusive procedure for litigating claims against a County. *Chesterfield v. Town & Country Apts.*, 214 Va. 587 (1974). Failure to allege compliance with these statutes is fatal to an action against a county. The Motion for Judgment contained no such allegations, and the Demurrer is well taken. The Demurrer is sustained. *See Burk v. Porter*, 222 Va. 795 (1981).

(2) The Board of Supervisors of Arlington County is entitled to sovereign immunity. *Mann v. County Board*, 199 Va. 169 (1957). The Supreme Court of Virginia reaffirmed the sovereign immunity of Arlington County in *Armstrong v. Johnson*, 228 Va. 301 (1984), by stating "contrary to the suggestion of the appellants, the doctrine of sovereign

immunity is 'alive and well' in Virginia. Though this Court has, over the years, discussed the doctrine in a variety of contexts and refined it for application to constantly shifting facts and circumstances, we have never seen fit to abolish it. Nor does the General Assembly want the doctrine abolished."

Plaintiff argues that, because Arlington County had a liability insurance policy in effect at the time of the accident this constituted a waiver of its sovereign immunity to the extent of the policy limits of liability insurance; that it is not immune as an indemnitor from suits brought by the beneficiaries of an insurance contract, an action sounding in contract; and that the county is not immune where the action is in effect an appeal from a failure to act upon a duly presented claim.

*Armstrong v. Johnson* further held that the General Assembly enacted the Virginia Tort Claims Act in 1981 and instead of abolishing sovereign immunity an amendment was provided "[N]or shall any provision of this article . . . . be so construed as to remove or in any way diminish the sovereign immunity of any county, city or town in the Commonwealth." Virginia Code Section 8.01-195.3. This Section of the Code permits liability on the Commonwealth in limited instances therein set forth, yet limits damages to $25,000 or less. The fact that Arlington County had liability insurance does not constitute a waiver. *Hinchey v. Ogden*, 226 Va. 234 (1983). The Demurrer and Plea in Bar are sustained.

Plaintiff's argument that this is a cause of action sounding in contract is belied by the mere reading of plaintiff's Motion for Judgment. This is clearly a tort action for personal injury and barred under the doctrine of sovereign immunity. Plaintiff's actions in attempting to effect settlement with county employees fails to satisfy the requirements of Virginia Code Sections 15.1-550 through 15.1-554. This Court is without jurisdiction. The Demurrer and Plea in Bar are sustained.