## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Virginia W. Kincheloe and
Claude L. Rackley, Jr., Trustee

v.

Spotsylvania County

February 22, 1988

By JUDGE WILLIAM H. LEDBETTER, JR.

This suit involves a controversy arising out of a deed of conveyance containing certain repurchase terms and conditions, between the plaintiffs and the County, dated March 21, 1973.

The plaintiffs initiated the suit by bill of complaint. In paragraph 1, the plaintiffs assert that the suit is "for a declaratory judgment . . . for the determination of rights of the parties . . . ." In the prayer, the plaintiffs seek specified relief, such as specific performance of the repurchase provisions in the deed; or, a determination that there has been a "taking" of the property by the County, and the appointment of commissioners to ascertain compensation; or, if the deed is declared void, an award of compensation for the County's use and occupation of the property since the conveyance.

The defendant filed a demurrer consisting of seven numbered paragraphs.

The parties waived ore tenus hearing and, by agreement, have submitted the demurrer on memoranda of law.

The question, then, is whether the bill states a cause of action and states facts upon which the relief

demanded can be granted. In considering a demurrer, all facts alleged, and all facts reasonably inferable from the allegations, are deemed true. *See, e.g., West Alexandria Properties, Inc. v. First Virginia Mortgage,* 221 Va. 134 (1980); Virginia Code § 8.01-273.

### 1. *Multifariousness.*

The County contends that the bill is multifarious because it contains a claim of a "taking" of the property which is the subject of the deed and also a claim for specific performance of the repurchase provisions in the deed. The County concedes that the claims arise out of the same transaction or occurrence. Nevertheless, the County asserts, "the alternatives for relief sought . . . require different proofs, and if sustained, the relief granted on each of such causes is entirely different . . . ."

The County is correct that the claims asserted in the bill require different proofs, and that any relief granted on one claim would be quite different from relief under the other. Obviously, the plaintiffs cannot prevail on both claims and recover under both theories. The facts and the applicable legal principles, to be developed during the litigation, will compel an election. However, these circumstances do not make the bill demurrable.

Virginia Code § 8.01-272 permits a party to plead "as many matters, whether of law or fact, as he shall think necessary." The court may order a separate trial for any claim. Rule 1:4(k) allows a party asserting a claim to "plead alternative facts and theories of recovery . . . provided such claims . . . for relief so joined arise out of the same transaction or occurrence."

For the foregoing reasons, the bill is not demurrable on the ground that it is multifarious.

### 2. *Misuse of Declaratory Judgment Act.*

The County argues that the bill is demurrable because it seeks relief under the Declaratory Judgment Act but, at the same time, sets forth allegations of rights that have fully matured and contains prayers for specific relief inconsistent with an adjudication under the Act.

Declaratory judgments are creatures of statute, designed to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights without requiring one of the parties to invade the rights of the other as to entitle him to maintain an ordinary action. There must be a justiciable controversy, and an actual antagonistic assertion and denial of right. The statute does not grant the courts authority to render advisory opinions, decide moot questions, or answer merely speculative inquiries. The statutes are to be liberally interpreted "with a view to making the courts more serviceable to the people." Virginia Code §§ 8.01-184 to 8.01-191.

Nevertheless, declaratory judgments are not intended to supersede ordinary causes of action. *Preventive relief* is the moving purpose. *Liberty Mutual Insurance Company v. Bishop*, 211 Va. 414 (1970). In common cases where a right has matured or a wrong has been suffered, customary processes of the court should be adopted. *Williams v. Southern Bank*, 203 Va. 657 (1962).

The fact that the plaintiffs are able to request specific performance of the repurchase provisions of the deed evidences the inappropriateness of a declaratory judgment suit as a vehicle to assert such a claim. If a contract has been breached under such circumstances that the court can compel specific performance, there is no *preventive* relief to be afforded. The claim is fully mature, the wrong has been suffered, and the issue is ripe for adjudication through the customary processes of the court.

It is the opinion of the court that a claim for specific performance, under the facts of this case (as reflected in the allegations of the bill, taken as a whole) cannot be asserted in a suit for declaratory judgment. Accordingly, the demurrer will be sustained on that ground.

An allegation of "taking" by a public body, and a claim for compensation on account of the taking, *can* be asserted in a declaratory judgment proceeding. This procedure is specifically permitted by statute, Virginia Code § 8.01-187, sometimes referred to as a proceeding upon an "inverse condemnation claim." Therefore, the County's demurrer is denied insofar as it asserts the

inappropriateness of the plaintiffs' "taking" claim in a declaratory judgment proceeding.

### 3. *Specific Performance Allegations.*

The County states that the plaintiffs' allegations in support of their specific performance claim do not state a cause of action because they do not allege an irreparable injury. The County concedes that such allegations are not usually necessary in suits for specific performance of contracts for the sale of real estate. Nevertheless, the County contends, here the plaintiffs' pleading contains other allegations that "make it obvious that the plaintiffs contend that monetary damages are sufficient in this case."

The plaintiffs' pleadings are in the alternative, as permitted by the rules. Viewing the bill as a whole, the allegations are sufficient to support a prayer for specific performance of the repurchase provisions of the deed.

### 4. *Rent for Use and Occupation.*

One of the plaintiffs' alternative prayers for relief is the payment of rent for use and occupation of the property since 1973. The County argues that the plaintiffs have not made a claim for such rent in accordance with Virginia Code § 15.1-550 et seq., and cannot maintain an action for that relief. The plaintiffs respond that the deed has not been declared void and set aside; therefore, they say, there was nothing to present to the board of supervisors.

The plaintiffs did assert a claim for use and occupation of the property by the County since 1983. Exhibit D to the bill. Virginia Code § 15.1-554 specifically provides that no action may be maintained against any county upon any claim or demand until the claim is first presented to the board of supervisors for allowance. Failure to allege compliance with this section is fatal. *Burk v. Porter*, 222 Va. 795 (1981). Accordingly, the demurrer to this claim, or alternative theory of recovery, will be sustained.

## 5. *The "Taking" Allegations.*

The demurrer does not specifically raise the question whether the County's alleged breach of the deed covenants constitutes a "taking" of the subject property under Article I, Section 11, of the Constitution of Virginia. Therefore, the issue cannot be considered at this point. Virginia Code § 8.01-273.

For the reasons stated, the demurrer will be sustained insofar as it attacks the plaintiffs' use of the declaratory judgment process to set forth a claim for specific performance and insofar as it seeks payment of rent for use and occupation since 1973; and the demurrer will be overruled and denied on all other grounds. Plaintiffs will be granted leave to file an amended bill within twenty-one days from the date of the order setting forth these rulings. At the least, the amended bill must set forth distinct separate counts for the claims made, and the particular relief sought on each claim, consistent with this opinion.