## CIRCUIT COURT OF ARLINGTON COUNTY

Four Mile Run Valley Assn. et al.

v.

Falls Church City Council

September 28, 1988

Case No. (Law) 88-797

By JUDGE PAUL F. SHERIDAN

The Four Mile Run Valley Association and six individuals named as "Appellants" filed in this Court on July 8, 1988, a "Petition To Appeal A Decision Of The Council Of The City Of Falls Church, Virginia," naming as the sole party "Appellee" The Falls Church City Council (Council). The Petition asserted that it was brought under Section 15.1-493 of the Code of Virginia seeking to vacate two ordinances enacted on May 9, 1988, by the "Appellee" Council on grounds that those two ordinances were void *ab initio.* An amended Petition was filed August 11, 1988, adding a second party, The City of Falls Church (City).

The Council moved to quash service of process on it, and to dismiss the cause of action against it, for reasons and grounds set out more specifically in the pleadings. The Motion to Quash service seems to become moot by virtue of the decision reached herein, and it is not now addressed. The Council's Motion to Dismiss is granted. The Council is not the proper party against whom judicial relief should be sought in zoning matters,

regardless of the form of the cause of action or the description given the cause of action by the parties.

The appropriate party would have been the city itself.

Having concluded that, under the facts and the law, well briefed and argued by able counsel on both sides, that the Council is entitled to be dismissed, there remains the question of whether the city was timely added as a party. If the City should be allowed to be the appropriate party, at what date does the addition of the City become effective? Here, we are not dealing with a simple misnomer. An inappropriate party was originally named, and, that original party was an existing entity (The Council) separate from the proper party (The City). Therefore, the Motion to add the City as a party in a manner that can now be construed to relate back to the original filing, or would otherwise be "timely," cannot be done as correction of a misnomer. *See generally, Rockwell v. Allman*, 211 Va. 560, 561 (1971).

While amendments as to form and/or as to the addition of parties is usually granted liberally in Virginia, such usual procedural tendencies are not automatic. Since the Council and the City both existed at all pertinent times, and existed distinctly from each other, the Court does not regard the original naming of one party (The Council) as now justifying an amendment to "rename" the sole original party to be the City. Thus, the Motion to Amend the original pleading to make the City a party as of July 8, 1988, is denied.

The City was first designated as a party in a pleading filed August 11, 1988. The legislature of Virginia, in session in March, 1988, shortened the pertinent time period within which citizens could seek judicial review of the zoning decisions of local governing bodies. Code of Virginia, Section 15.1-493(g), which had allowed a sixty-day period for the initiation of such actions, prior to July 1, 1988, was legislatively amended so that for "every action," the pertinent period of limitations became thirty days as of July 1, 1988. By filing the first pleading herein against the Council on July 8, 1988, seeking judicial relief from the Council vote of May 9, 1988, these "Appellants" were timely if the old sixty-day period governed. But, the legislative amendment did not expressly restrict the shortened (thirty-day) period of limitations to actions

accruing after July 1, 1988, but applied it to "every action." *See generally, Town of Danville v. Pace,* 66 Va. (25 Gratt.) 1 (1874).

Since the right to seek judicial relief from such actions of local governing bodies is a creature of statute, the period of limitations within which such actions may be initiated is inherently a part of the substantive right created. Code of Virginia, Section 15.1-493(g), does not create any new form or cause of action and did not retroactively take away "Appellants" substantive rights. The time period legislatively amended dealt exclusive with the matter of the timing and method of the remedy or the procedure to be followed. *Phipps, Adm'r v. Sutherland,* 201 Va. 448, 452-54 (1959). Thus the July 8, 1988, filing was untimely itself, and even if an amendment of parties was allowed and further allowed, to relate back to July 8, 1988, the City would still prevail on the issue of the thirty-day limitation period.

Despite the word "Appeal" in the black letter caption on Code of Virginia, Section 15.1-493, there is actually no cause of action amounting to an "Appeal" under Section 15.1-493, when one reads the text, particularly 15.1-493(g) in its express disclaimer of the creation of any new cause of action. The black letter caption is surplusage pursuant to Code of Virginia, 1-13.9. Thus, "Appellants" cannot employ a procedural form different from the traditional methods of seeking judicial relief from the zoning decisions of local governing bodies, such as declaratory judgment, injunction or writ of certiorari. *See,* Comment, Challenging Rezoning in Virginia, 15 U. Rich. L. Rev. 423, 426 (1981).

Considering the Council and the City as separate entities, the Court concludes as follows:

1. The Council was an inappropriate party to be sued, and its Motion to Dismiss, therefore, should be granted;

2. The City, as the appropriate party to be sued, was not sued until August 11, 1988, and thus any suit against the City itself was untimely (under either a thirty-day or a sixty-day limitation);

3. Even if these "Appellants" were entitled to the previous sixty-day period of limitations, their Motion to Amend to add the City as a party retrospectively to July 8, 1988, should be and it is denied.

In these decisions, it is not factually significant whether officials of the City did or did not have actual notice of the party the "Appellants" really intended to sue, or if they had knowledge of the details of the grievance "Appellants" attempted to assert. *Town of Crewe v. Marler*, 228 Va. 109 (1984).

"Appellants" have moved for sanctions against the Council and the interpleaded party, Jennings Properties, Inc. "Appellants" allege that the City Attorney has raised matters in pleadings in argument that were unsupported factually or legally. "Appellants" have alleged that the City Attorney did so for "improper purposes" and "to harass and to cause needless increase in the cost of litigation." Since the Court sustains the primary thrust of the pleadings and issues raised in granting the Motion to Dismiss the Council, in refusing to allow a retroactive amendment substituting the City for the Council in the original pleadings, and in finding "Appellants" cause of action to be time-barred, the Court finds that the procedures used, the issues raised, and the authorities cited and argued, by the City Attorney, are not only appropriate, but have merit legally and factually.

Because of the complexity, procedurally and substantively, of the issues raised herein, and because both sides have asserted what appear to be good faith, legally significant issues and arguments, this does not appear to be the type of case in which sanctions should be awarded against counsel or parties. The Motion For Sanctions is denied.