**CIRCUIT COURT OF ARLINGTON COUNTY**

Allen Kohl

    v.

Arlington County et al.

July 5, 1989

Case No. (Law) 89-13

By JUDGE THOMAS R. MONROE

    Plaintiff filed a Motion for Judgment alleging that on October 15, 1987, he stepped on a defective manhole cover in a County sidewalk and suffered personal injuries. Plaintiff has named Arlington County and D & F Construction Company, Inc., as defendants.

    The County filed a Demurrer and Plea in Bar alleging that the cause of action alleged in the Motion for Judgment was barred by the County's sovereign immunity and plaintiff's failure to comply with the statutory claims procedure set forth in Virginia Code Sections 15.1-550 through 15.1-554.

    The Demurrer and Plea in Bar were argued to the Court on April 14, 1989, and pursuant to the direction of the Court, Plaintiff and Arlington County, through counsel, filed memoranda.

    I have carefully considered all matters argued on April 14, 1989, as well as the supporting memoranda and sustain the County's Demurrer and Plea in Bar based on its sovereign immunity.

*Sovereign Immunity*

In *Mann v. Arlington County Board*, 199 Va. 169 (1957), the Supreme Court said "it is generally held that a county is not liable for personal injuries caused by the negligence of its officers, agents or employees. Under this view no liability is incurred by a county for tortious personal injuries resulting from negligent construction, maintenance or operation of its streets, roads and highways."

Plaintiff alleges that the Defendant, Arlington County, a/k/a Department of Public Works and/or a/k/a Traffic Engineering Division in paragraphs 2, 5, 6, 7, 7a, b, c, d, and 8, was negligent in failing to keep the sidewalks in a reasonably safe condition, that the manhole was "negligently constructed, maintained and/or placed in said sidewalk with indifference and utter disregard to the complete safety of the general public," failure to "warn of its unsafe condition, breached the duty to provide a safe condition," failure to "use ordinary care to avoid an accident . . ."

The Motion for Judgment is grounded on acts of negligence of Arlington County just as plaintiffs alleged in *Armstrong v. Johnson*, 228 Va. 301 (1984), the most recent holding of the Supreme Court of Virginia.

> Contrary to the suggestions of the appellants, the doctrine of sovereign immunity is "alive and well" in Virginia. Though this Court has, over the years, discussed the doctrine in a variety of contexts and refined it for application to constantly shifting facts and circumstances, we have never seen fit to abolish it. Nor, does the General Assembly want the doctrine abolished . . . .
>
> To accomplish the purposes of the doctrine of sovereign immunity, the doctrine must be extended not only to officials at the highest levels of the three branches of government, but also to some of those who help run the government, the state acting only through individuals and these individuals not being able to function effectively if in fear of personal liability as a result of litigation.

Thus, for the foregoing reasons, the Demurrer is sustained.

*Failure to allege and comply with Virginia Code Sections 15.1-550 through 15.1-554.*

Plaintiff has failed to comply with these code sections. Section 15.1-554 states "[N]o action shall be maintained by any person against a county upon any claim or demand until such person shall have first presented his claim to the board of such county for allowance."

I find that in sending a letter to the County Attorney's office advising that he represented plaintiff and alleging to the County Attorney that due to negligence of the County the accident occurred and holding Arlington County responsible for plaintiff's injuries, and requesting that plaintiff's attorney be called, the forwarding of the letter to Alexsis, Inc., adjusting service for Arlington County and further correspondence from Alexsis, Inc., to plaintiff's attorney, the failure of plaintiff to serve a claim on the Clerk of the County Board and failure to assert a demand; plaintiff, as admitted, failed to comply with Code Sections 15.1-550 through 15.1-554, *Hockett v. Board of Supervisors*, Law No. 26158, Arlington County Circuit Court, February 18, 1986.

Failure to allege compliance with the statutory provisions is fatal to this action against Arlington County. The County's Demurrer is well taken and is sustained. *See Bunk v. Porter,* 222 Va. 795 (1981).