## CIRCUIT COURT OF HENRICO COUNTY

Washington Design Group, Ltd.

v.

Board of Supervisors
of Henrico County

November 13, 1989

Case No. CL89000812

By JUDGE JAMES E. KULP

This matter is before the Court upon defendant's demurrer to plaintiff's appeal from a disallowance of a claim by the board of supervisors. For the reasons to follow, the Court overrules the demurrer.

In January, 1985, Washington Associates, Inc., a predecessor corporation of Washington Design Group (WDG), entered into a contract with Henrico County for architectural services. From time to time WDG submitted statements for services rendered. These statements had been paid until December, 1987. On May 12, 1989, WDG requested the County to pay its statement for services rendered through April 30, 1989. The County denied the request for payment on May 12, 1989. On May 25, 1989, WDG submitted its claim to the Board of Supervisors of Henrico County pursuant to §§ 15.1-550, 15.1-554 of the Code of Virginia. The claim came before the Board of Supervisors on June 14, 1989, at which time it was disallowed. No one from WDG was present at the Board meeting, but the Clerk of the Board notified WDG of the Board's decision by letter dated June 23, 1989, which was received by WDG on June 26, 1989.

An appeal of the disallowed claim was filed in this Court on July 19, 1989, and a written notice of appeal

was served on the Clerk of the Board on July 24, 1989. A bond to the County with surety was executed by WDG and filed on July 19, 1989.

On August 14, 1989, the defendant Board of Supervisors filed a demurrer asserting that WDG had failed to comply with the provisions of § 15.1-552 and that WDG seeks recovery against the Board for economic loss and failed to allege privity between WDG and the Board.

Both sides filed memorandums setting forth their respective positions, and the Court heard argument on the demurrer on October 6, 1989.

The thrust of the Board's argument goes to the caption by which WDG filed its appeal. WDG filed in this Court a paper entitled "Motion for Judgment and Appeal Pursuant to § 15.1-552 of the Code of Virginia," and listed WDG as plaintiff and the Board of Supervisors of the County of Henrico as defendant. The Board asserts that § 15.1-552 and applicable case law contemplate a claim against the County and not against the board of supervisors. The argument continues that since WDG styled its appeal against the Board rather than the County, the demurrer should be sustained.

WDG is proceeding pursuant to § 15.1-552 which provides that when a claim against the County is disallowed by the board of supervisors, the aggrieved party may appeal from the board's decision to the Circuit Court of the County. This section provides, in pertinent part:

> Such appeal may be taken by causing a written notice thereof to be served on the Clerk of the board and executing a bond to such county, with sufficient surety to be approved by the Clerk of the board, with condition for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant by the Court.

An examination of § 15.1-552 fails to reveal that the written notice of appeal must be in any certain prescribed form. In *Parker v. Prince William County*, 198 Va. 231 (1956), the Supreme Court held that all that was required under Code § 15-259 (now § 15.1-552) to take an appeal was the service of a written notice on the Clerk of the

board and executing a bond to the County, with sufficient surety to be approved by the Clerk. *Accord*, *Obenshain v. Halliday*, 504 F. Supp. 946, 955 (E.D. Va. 1980). The Board does not claim that these steps were not taken by WDG, nor could it, as the evidence is clear that written notice of the appeal was served on the Clerk of the Board on July 24, 1989, and the appropriate bond was filed on July 19, 1989.

The Board maintains that "this is not simply a matter of having styled the Motion for Judgment wrong but, rather, that WDG failed to sue the party with which they are in privity." Defendant's Reply Memorandum, page 5. In the Court's opinion, the defendant is confusing an appeal from a disallowance of a claim with an original suit against the county pursuant to § 15.1-553. Section 15.1-553 provides that a disallowance of a claim shall be final and a perpetual bar to any action in any court found on such claim "unless an appeal be taken from the decision and determination of such board *or* unless such board shall consent and agree to the institution of an action by such claimant against the county." (Emphasis added.) This language evinces a clear intent on the part of the legislature to provide two separate and distinct methods by which a claimant can proceed when a claim is disallowed. One is by way of appeal taken from the decision of the board pursuant to § 15.1-552, and the other by consent of the board to the institution of suit against the County.

As already discussed, there is no prescribed form for the notice of appeal under § 15.1-552. In this Court's opinion, the plaintiff's styling the appeal as against the Board rather than as against the County does not oust this Court's jurisdiction to entertain this appeal. The Court recognized that "an appeal pursuant to § 15.1-552 is a *de novo* action at law, resulting in a judgment for either the claimant or the county." *Carlo v. County of Nottoway*, 232 Va. 1, 3 (1986). This fact, however, does not alter the Court's opinion that a mislabeling of the parties is not a jurisdictional defect. All that is required to perfect an appeal is a written notice served on the Clerk of the board and the execution of appropriate bond, both of which have been accomplished in this matter.

In this regard the Court finds *Burk v. Porter*, 222 Va. 795 (1981), instructive. In *Burk* a county resident

filed a bill of complaint against individually named members of the Board of Supervisors alleging that the supervisors had illegally withdrawn county funds for an unauthorized trip to California. The defendants demurred alleging that they were being sued in their official capacity and not as individuals and that the bill was insufficient because the claimant had not complied with the procedural requirements of Code §§ 15.1-550, 15.1-554. The chancellor sustained the demurrer.

On appeal the Supreme Court noted that Code § 15.1-550 *et seq.* provided the exclusive procedure for litigating claims against a county and failure to allege compliance with these statutes was fatal to an action against a county. The Supreme Court observed that "[t]he bill of complaint contained no such allegations, and if the bill sounded against the County, the demurrer was well taken." *Id.* at 797. The Supreme Court found that based upon the pleading, the action was not against the County but was against the Supervisors individually.

Just the opposite is true in this case. The caption of the Motion for Judgment and Appeal is against the "Board of Supervisors of the County of Henrico." No individual Supervisor is named, and every allegation sounds against the County. Accordingly, the Court finds that the County of Henrico is the real defendant, and this appeal shall henceforth continue with the County of Henrico as the party defendant.

The Board urges the Court to follow the case law involving cases under the Virginia Mechanic's lien statute. The Board argues that the mechanic's lien statute is analogous to the appeal in the instant case and relies upon *Neff v. Garrard*, 216 Va. 496 (1975). The Court finds these authorities to be inapposite to the situation before the Court. First, §§ 43-4 through 43-8 provide for specific detailed requirements for filing a mechanic's lien unlike the provisions of § 15.1-552. Additionally, in *Neff* the Supreme Court found that the two liens affected different parties, came into existence at different times, terminal dates were different, and created different priorities as against the lienholder. The same circumstances are not present in the case before the Court. Even though WDG captioned its appeal in the name of the Board of Supervisors of Henrico County, this Court has found that the

appeal sounded against the County and that the County is and always was the party in interest.

The Court also finds *Four Mile Run Valley Assn., et al. v. Falls Church City Council*, 13 Va. Cir. 374 (1988), distinguishable. In *Falls Church*, the trial court found that there was no "appeal" under the provisions of Section 15.1-493. This is contrary to the express provisions for an appeal of a disallowed claim in §§ 15.1-552, 15.1-553.

For the reasons expressed in this opinion, the Court overrules the demurrer and grants the County twenty-one days to file its response.